(33 App. Div. 126.)

POWERS v. POWERS.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

HUSBAND AND WIFE—ACTION FOR SEPARATION.

If a husband and wife live apart, under a separation agreement, the wife cannot maintain an action for a separation on the ground of abandonment, for that implies absence of consent.

Appeal from special term, New York county.

Action by Carrie L. Powers against Jesse W. Powers, Jr. From an order granting alimony and counsel fees, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

G. E. Waldo, for plaintiff.
William H. Knox, for defendant.

VAN BRUNT, P. J. This action is brought to procure a decree of separation on the ground of abandonment. It appears that, shortly after the separation of the parties, they entered into a formal agreement whereby the parties mutually agreed to live separate and apart. By this agreement a trustee for the plaintiff was appointed, and the defendant agreed to pay to such trustee a certain sum of money per month for the support of plaintiff and the child of the parties, and the custody of such child was given to the plaintiff. It is difficult to see how this action can be maintained, under these circumstances. Where the wife consents to the separation, there is no abandonment. It is only where the husband deserts the wife without her consent, and refuses to give her adequate and proper support, that an action for abandonment will lie. In the case at bar the parties have agreed to live apart, and consequently the separation is with the consent of the plaintiff, and apparently is in accordance with her wishes. There can be no abandonment, under such circumstances. If it is true that the defendant is living in adultery with another person, the plaintiff has a cause of action for divorce; but abandonment cannot be predicated thereon, in view of the separation agreement.

We think, therefore, that the motion for alimony should have been denied, and the plaintiff remitted to her rights under the agreement of separation. All concur.