## Court of General Sessions—New York County.

September, 1901.

## THE PEOPLE EX REL. JOHN W. KELLER v. JESSE W. POWERS.

(35 Misc. 775.)

DISORDERLY PERSON—EVIDENCE—CODE CRIM. PRO., SECTIONS 900, 901.
Evidence that a husband has not supported his child is incompetent upon the hearing of a charge by the wife that her husband had abandoned her, and the magistrate had no jurisdiction to pronounce judgment for abandonment of wife and child upon such testimony.

Appeals from the defendant from orders convicting him as a disorderly person for abandonment of his wife and for abandonment of his child.

William Henry Knox, for appellant.

John Whalen, Corporation Counsel, for respondent.

GOFF, R.: There were two orders made by the magistrate, each adjudging defendant a disorderly person, one for abandonment of his wife and one for abandonment of his child. From each of those orders the defendant appeals, and they will be considered separately.

It appears that the defendant and his wife were married on the 15th of December, 1892. One child, Catherine Hurd Powers, was born to them. On the 9th of June, 1894, for causes of marital displeasure, they separated and lived apart. Subsequently and on the 7th of September, 1894, and while they were living apart, they, by the intervention of a trustee, executed an agreement which provided, among other things, that the husband should surrender to the wife the care and keeping of the child, that he should pay her a certain sum per month for her support and maintenance during her life and for the support and maintenance of the child until she became four years of age, and that the wife should accept the provisions named in lieu of other claim for her support during her life. The trustee agreed to indemnify and save harmless the husband from every liability for support of the wife during her life. Under this agreement payments were made for some time by the husband.

On the 21st of February, 1898, the wife commenced an action in the Supreme Court for a separation from bed and board, on the ground of abandonment. Issue was joined by the husband. A motion was made for alimony and counsel fee, and the court at Special Term, awarded the plaintiff certain alimony pendente lite and counsel fee. From this order the defendant appealed to the Appellate Division, which reversed the order, and in its opinion, by VAN BRUNT, P. J., said: "This action is brought to procure a decree of separation on the ground of abandonment. It appears that shortly after the separation of the parties they entered into a formal agreement whereby the parties mutually agreed to live separate and apart (referring to the agreement) . . . It is difficult to see how this action can be maintained under these circumstances. Where the wife consents to the separation there is no abandonment. It is only where the husband deserts the wife without her consent and refuses to give her adequate and proper support, that an action for abandonment will lie. In the case at bar the

parties have agreed to live apart, and, consequently, the separation is with the consent of the plaintiff and apparently is in accordance with her wishes.    There can be no abandonment under such circumstances." Powers v. Powers, 33 App. Div. 126.

The learned counsel of the defendant takes the ground that this decision fixes the status of the complaining wife and the defendant, as far as their marital relations are concerned, that the defendant could not have abandoned his wife, and that consequently the order of conviction appealed from cannot be sustained.    That such being the case, and on the law laid down by the Appellate Division, it is incumbent upon me to reverse the conviction of the defendant for the abandonment of his wife.

It is urged by counsel for respondent, and with apparent justification, that whatever conditions may interpose to protect the defendant in these proceedings from conviction for abandonment of his wife, no reason, legal or otherwise, can be adduced for failure to support his child. The magistrate, when pronouncing judgment, very aptly said: "It cannot be seriously claimed that the defendant should not support his child, placed in the care and custody of the mother by him, nor will the agreement made between the complainant and the defendant release him from his parental obligation for the support of his child."

This order ought to be sustained unless there be some substantial defect in the proceedings which constitutes legal error.

From the return of the magistrate it appears that on the 29th of March, 1901, Carrie L. Powers made sworn complaint that her husband had abandoned her. (It will be noted that he is not charged with having abandoned his child.)    On this complaint a warrant was issued and defendant was arrested.    On April second an examination on this complaint was had.    The testimony related exclusively to the charge of abandonment of the wife, except: "Q. Has he supported this child in any way?

A. Not a penny." There was some testimony given by Mr. Knox, the attorney, relating to the child, which was unimportant. On April fifth the examination of witnesses was concluded.

On April twenty-fourth a complaint was made by the wife that the defendant had abandoned their child, Catherine H. Powers, on the 9th of June, 1894, leaving her without adequate support, and that he had not contributed to the support of the said child since the 1st day of October, 1897. The defendant was arraigned on this charge and pleaded not guilty, and the magistrate adjudged him a disorderly person. These things occurred on the same day, April twenty-fourth.

Out of the proceedings for abandonment of the wife sprang the proceeding for abandonment of the child. The question arises, Can one proceeding support two judgments for distinct offenses and separate penalties?

Proceedings regarding disorderly persons are in their nature highly penal. They are calculated for a deprivation of liberty. They must be construed strictly, and every intendment must be in favor of the citizen.

It is said in Barbour's Criminal Law, 519, that "the complaint in writing is the substratum of the magistrate's jurisdiction and in the nature of an indictment. It should contain a complete statement of the offense, for the evidence given upon the trial can only support the original charge, but can by no means extend or supply what is wanting in the complaint."

Section 900, Code of Criminal Procedure, provides that upon complaint on oath against a person as being disorderly the magistrate must issue a warrant signed by him requiring a peace officer to arrest the defendant and bring him before the magistrate for examination. Section 901 provides that if the magistrate be satisfied from the confession of the defendant or by competent testimony that he is a disorderly person he must so adjudge, etc.

To support a judgment there must be a complaint on oath,

am arrest, an arraignment, an examination and competent testimony. All these essentials were present in the judgment for the abandonment of the wife, but were not present in the judgment for the abandonment of the child.

The complaint was for the abandonment of the wife. This gave the magistrate jurisdiction to inquire into that charge and no other. The defendant was called upon to meet that charge and no other. Testimony directed to that charge was the "competent testimony" contemplated by the statute.

The testimony relating to an abandonment of the child was not competent testimony, and, therefore, could not be considered. It is true that after the examination and taking of testimony were concluded a complaint was made charging abandonment of the child, upon which an arraignment and plea of not guilty was had and a judgment thereupon was pronounced. But where is the "competent testimony" on this charge which is required by law ? Manifestly relation was had to the testimony taken under the first charge.

It is plain that the two judgments for abandonment of wife and child respectively were based upon the testimony taken in the examination on the charge of the abandonment of the wife. There was no "competent testimony" taken on an examination under a complaint charging abandonment of the child, and consequently there was not jurisdiction to pronounce judgment.

I am, therefore, compelled to reverse the conviction of the defendant as a disorderly person for abandonment of his child, on the ground that the magistrate had not acquired jurisdiction in the case.

Conviction reversed.