Elizabeth Nellis, Appellant, v. Mary A. Gourlay, Respondent.—Motion granted and appeal dismissed, with costs.

In the Matter of the Application of the Grade Crossing Commissioners of the City of Buffalo for the Appointment of Commissioners to Ascertain the Compensation to Be Paid, etc., Lands Claimed to Be Owned by Mary Nowak and Others. (Proceeding No. 93.)—Upon stipulation filed, appeals dismissed, without costs, and order confirming award as to parcel No. 1 vacated and report and proceedings sent back to same commissioners for new appraisal and report.

Stansalaus Shalleck, Respondent, v. Minetto-Meriden Company, Appellant.—Appeal dismissed, without costs upon stipulation filed.

In the Matter of Moses T. Day, an Attorney and Counselor at Law.— Petition granted and order entered disbarring the said Moses T. Day and removing him from his office as attorney and counselor at law and forbidding his practice as such.   All concurred.

The People of the State of New York ex rel. Webster Cusick, Appellant, v. Dennis W. Daly, Sheriff of Niagara County, Respondent.— Order affirmed upon the opinion of Pound, J., delivered at the Special Term. (78 Misc. Rep. 657.)   All concurred.

---

THIRD DEPARTMENT, JULY, 1913.

ANNA KAUFMAN, Appellant, v. JOHN KAUFMAN, Respondent.

*Husband and wife — separation — agreement in consideration of living apart — failure to prove facts sufficient for decree of separation.*

Appeal from a judgment of the Supreme Court, entered in the Rensselaer county clerk's office on the 2d day of January, 1913.

Judgment unanimously affirmed, with costs, on the opinion of Cochrane, J., at Special Term.

The following is the opinion of Cochrane, J.:

COCHRANE, J.:   The agreement of separation dated August 19, 1910, contains the recital that the plaintiff "now is and for some time past has been living separate and apart from her husband." Such recital, however, is contrary to the fact. Undoubtedly after August 11, 1910, the relations of the parties were very much strained, but they continued to occupy the apartments provided by the defendant for their joint use and occupancy. Plaintiff, as the sole member of her husband's household, performed her usual duties in the management of the household affairs. No separation had in fact taken place prior to the execution of the agreement in question such as the law contemplates as a necessary prerequisite to the validity of such an agreement. The separation and the agreement were practically simultaneous. The one was the consideration for the other. Without the one the other would not have occurred. The agreement in fact was one for a separation and not one based upon a previously existing separation. The negotiations which resulted in the execution of the agreement were

transpiring during a large portion of the intervening time after August eleventh, with a view to the plaintiff leaving her husband's home and she did so leave and the actual separation in fact occurred only after she received the $1,500 specified in the agreement. Within all recent authorities on this subject, the agreement in question cannot be upheld. Although the $1,500 is inadequate for the continued support of plaintiff, it was more than adequate for her support up to the time when the defendant under an order of the court began to pay her alimony. The disposition of this money has not been satisfactorily accounted for by plaintiff. I do not think, however, that this fact should stand in the way of the court declaring the agreement invalid because the parties were living together when it was executed. Furthermore, full justice may be done to both parties by a provision in the judgment in the action to set aside the agreement that plaintiff still has some portion of the $1,500 and such fact may be taken into consideration in any future proceeding on her part against her husband. (See *Galusha* v. *Galusha*, 138 N. Y. 272, 284.) No grounds exist for a judgment of separation. The alleged acts of cruelty are denied. Plaintiff is uncorroborated in any important particular and has failed to sustain the burden of proof. From a careful consideration of the facts and observation of the parties at the trial I am convinced that neither is entirely blameless for the unhappiness which has entered their lives. But the charges of cruelty and inhuman treatment by the defendant have not been sustained by a preponderance of evidence. Neither can a separation be adjudged because of abandonment. Plaintiff sought the separation and left her husband's home only after she had received from him the sum of $1,500, which, as previously stated, is more than sufficient for her proper support up to the time when she instituted the action for separation, taking into consideration all the circumstances. This does not constitute abandonment. (*Powers* v. *Powers*, 33 App. Div. 126.) The rights of the plaintiff in the future must depend on her willingness to resume her duties and obligations as the wife of the defendant in his household and upon his willingness in return to properly support and provide for her in his home in accordance with his station in life and his ability to provide a suitable home for her. In the action to set aside the separation agreement plaintiff may have judgment to be settled on notice, but in view of the fact that she has not accounted for all the $1,500 no costs are allowed. In the action for a separation the complaint is dismissed, without costs.

Julius W. Blakely, Respondent, v. Grace R. Blakely, Appellant.— Judgment unanimously affirmed.

Mary Bovar, as Administratrix, etc., of Frank J. Malbeauf, Deceased, Respondent, v. Mechanicville Electric Light and Gas Company, Appellant.— Judgment and order unanimously affirmed, with costs.

Elizabeth Brodhead, Respondent, v. King, Rice & Ganey Company, Appellant.— Judgment and order unanimously affirmed, with costs. Howard, J., not sitting.