FREDERICK L. DRANE, Appellant, *v.* WILHELMINA A. DRANE, Respondent.

First Department, November 30, 1923.

Husband and wife — divorce — counterclaim — wife cannot interpose counterclaim for separation where husband has fully performed terms of existing valid separation agreement.

A wife, who is being sued by her husband for divorce, cannot interpose a counterclaim for separation where prior to the commencement of the divorce action the parties entered into a valid separation agreement which is still existing and has been fully performed by the husband.

APPEAL by the plaintiff, Frederick L. Drane, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of October, 1923, denying his motion to strike out a counterclaim contained in the defendant's answer.

*Montague Lessler* [*Francis J. Byrne* with him on the brief], for the appellant.

*Roosevelt, Kobbé & Thatcher* [*James A. Speer* of counsel], for the respondent.

McAVOY, J.:

Plaintiff moved to strike out a counterclaim interposed by the defendant, who is his wife, and whom he is suing for divorce on the ground of adultery. The counterclaim demands a judicial separation alleging cruel and inhuman treatment. The defendant

and the plaintiff had prior to the commencement of this action entered into a separation agreement for the support and maintenance of the defendant, which defendant has accepted and which plaintiff has fully performed by payments according to its terms. Under these circumstances the defendant is barred from interposing such a counterclaim. It has often been decided that where parties have an explicit contract subsisting at the time of the commencement of the action, valid in its inception and being duly performed by the plaintiff, there is no legal justification for an action for separation. The separation agreement effected two things. It has assured the wife all the rights that could accrue from a judgment of separation. It gives her means of support for herself which takes the place of alimony. It provides that the parties thereafter were to continue to live separate and apart, and under this contract the husband has paid the wife the sum of $20,000, and he has paid and is paying the agreed monthly payment of $100 per month. This separation agreement so long as defendant keeps it, takes the place of defendant's judicial remedy by action on the ground of cruel treatment or abandonment. A judgment cannot be substituted for a subsisting agreement of separation upon the demand of the wife. She has made her choice as to whether she would take a judgment of the court or accept the agreement with her husband. The consideration furnished the husband for the payments is his release from liability for the support of his wife. If as seems demonstrated the wife cannot maintain such an action as a plaintiff, she may not maintain it because she is here the defendant suing on a counterclaim. Such a counterclaim must be no less than a cause of action. (Civ. Prac. Act, § 1168.) The release of the husband is not frustrated by the circumstance that his wife is suing for separation as defendant on a counterclaim rather than as a plaintiff upon a cause alleged in a complaint. That a valid agreement of separation bars an action or a counterclaim for this relief while the agreement is subsisting and being performed is the ruling in many cases, of which the following are examples: *Powers* v. *Powers* (33 App. Div. 126); *Benesch* v. *Benesch* (182 id. 221); *Galusha* v. *Galusha* (138 N. Y. 272); *Johnson* v. *Johnson* (206 id. 561); *Stoddard* v. *Stoddard* (227 id. 13, 20).

The order should be reversed and the motion to strike out the counterclaim granted.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed and motion granted.