JEANNETTE T. ALDRICH, Respondent, *v.* SHERWOOD ALDRICH, Appellant.

First Department, May 20, 1927.

**Husband and wife — separation — action to sequestrate defendant's property on refusal to pay alimony — alimony at rate of $12,000 per year was awarded — pending appeal parties entered into agreement on valuable consideration reducing alimony to $6,000 per year — plaintiff did not have right to repudiate said agreement on ground that it was induced by fraudulent representations — parties had right to make agreement reducing alimony — plaintiff is not entitled to sequestrate defendant's property.**

The plaintiff seeks to sequestrate the property of the defendant for the purpose of compelling the payment of alimony by him. In this action the plaintiff

was successful and a decree of separation was granted to her with alimony at $12,000 per year. While an appeal from that judgment was pending, the parties entered into a written agreement to reduce the alimony to $6,000 per year and in addition thereto the defendant agreed to pay the plaintiff the amount of his income in excess of $30,000 up to the sum of $6,000. As a further consideration for that agreement the defendant agreed to divide equally a fund on deposit in the bank which had been realized from the sale of real property that stood in the name of both parties and in reference to which an action was then pending. The agreement to reduce the alimony was made without the knowledge of the attorneys for the parties. Later the plaintiff endeavored to repudiate the agreement and to return the money paid to her by the defendant on the ground that the agreement was executed by false and fraudulent representations made by the defendant. The evidence does not sustain the plaintiff's contention that she was overreached.

The agreement in question was valid and was founded upon a good consideration, since the defendant agreed to abandon his appeal from the decree in this action, agreed to discontinue an action which he had brought against the plaintiff in reference to the fund on deposit, and actually divided that fund equally with the plaintiff.

The parties had the right to make the agreement reducing the amount of alimony and the plaintiff having done so and that agreement not having been set aside, the plaintiff is not entitled to an order sequestrating the defendant's property to secure the payment of the alimony fixed in the original decree.

APPEAL by the defendant, Sherwood Aldrich, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of March, 1927, directing the sequestration of the property of the defendant by reason of the defendant's refusal to pay the plaintiff alimony awarded to her by a decree of the Supreme Court at the close of the trial of a separation action brought by plaintiff against the defendant.

*Henry A. Uterhart* of counsel [*Alfred M. Schaffer* with him on the brief; *Henry A. Uterhart,* attorney]; for the appellant.

*Edward E. Hoenig* of counsel [*William M. Sullivan,* attorney], for the respondent.

MERRELL, J. The decree in the separation action directed the defendant to pay the plaintiff accrued alimony since the commencement of the action to December 10, 1926, in the sum of $18,154.68, and directed that the defendant pay to her during her lifetime, in full for her support and maintenance, alimony in the sum of $12,000 per annum, payable in equal monthly installments of $1,000 each on the first day of each month in advance, such payments to commence as of June 10, 1925, and that the amount of such alimony payments accruing under the decree from June 10, 1925, to and including May 31, 1926, should be paid by the defendant to the plaintiff on June 1, 1926. There was due under the provisions of

said decree to the plaintiff on December 10, 1926, the said sum of $18,154.68. There has since accrued an additional sum of $4,000 to the time of the motion to sequestrate. So that at the time of said motion there was due the plaintiff $22,154.68. The separation action brought by plaintiff was uncontested by defendant, except as to the alimony which the plaintiff should be awarded. The papers on appeal also show that there were disagreements between the parties with reference to the proceeds of the sale of real property held in the names of both parties, but which the defendant claimed was purchased with his money. This real estate was sold by the parties and the proceeds deposited in the joint account of the plaintiff and the defendant. Thereafter the defendant brought action against the plaintiff in Nassau county to establish an agreement which he alleged had been made between the parties for his reimbursement from the proceeds of sale for moneys expended by him in relation to said real property in its purchase and improvement. This action was pending undetermined at the time of the rendition of the decree in the separation action awarding the plaintiff said alimony. An appeal was taken to this court from the decree herein, and a stay granted pending said appeal. On July 30, 1926, the parties entered into a written agreement whereby the alimony allowance in said decree was reduced to $6,000 per annum, said reduced amount to be paid beginning August 1, 1926, and to continue during the lifetime or until the remarriage of the plaintiff, and was to be paid to her in quarterly installments of $1,500 each. It was, however, agreed that whenever the defendant's net income, after payment of the said $6,000 per annum to the plaintiff, and after the payment of his Federal and State income taxes, should amount to $30,000 or more per annum, the defendant would pay to the plaintiff the amount of income in excess of said $30,000 up to the sum of $6,000 in a lump sum within two weeks after the end of any calendar year. As an additional consideration for said agreement there was to be an equal division as of the date of said agreement between the parties of the fund on deposit in their joint names in the National City Bank of New York, the avails of the sale of said real property above mentioned. The affidavits show that one-half of the fund of something over $180,000 on deposit in said bank, or $91,500, was paid by defendant to plaintiff upon the execution of said agreement to modify said decree, and that two payments were made by defendant to plaintiff of $1,500 under said agreement of modification, said $1,500 payments having been made on August 4, 1926, and November 1, 1926, respectively. The agreement in question was prepared and entered into without the knowledge of the attorneys for the respective

parties in the separation action. In December, 1926, the plaintiff repudiated said agreement and offered to return the payments made thereunder, and also the $91,500 which she had received as her share of the moneys on deposit for their joint account as the avails of the sale of said real property, the plaintiff taking the position that she had been overreached by defendant and induced to execute said agreement by false and fraudulent representations made to her by the said defendant. Thereupon sequestration proceedings were instituted upon defendant's refusal to comply with the terms of the decree in the separation action.

In opposition to plaintiffs' application for sequestration of the defendant's property voluminous affidavits were filed by the defendant. In answer to the contention of the plaintiff that said agreement modifying said decree was obtained by fraud and misrepresentation, the defendant sets forth a long series of correspondence passing between the plaintiff and the defendant leading up to the execution of said agreement. This correspondence and the circumstances would seem to throw considerable doubt as to the claim of the plaintiff that she was overreached by the defendant.

In granting the order appealed from herein sequestrating the property of the defendant, the court below relied upon the decisions of this court in *Hallow* v. *Hallow* (200 App. Div. 642) and in *Gewirtz* v. *Gewirtz* (189 id. 483). In neither of these cases was there any consideration for the agreement to modify the decree. In the opinion of PAGE, J., in *Gewirtz* v. *Gewirtz* it was expressly stated: " There was no consideration for the agreement, nor did it affect the status of the parties." In the case at bar the consideration was ample. The defendant agreed to abandon his appeal from the decree herein. He further agreed to discontinue his Supreme Court action in Nassau county to establish his claimed superior rights in the common fund derived from the sale of the real property held by the parties jointly, and the actual equal division of said fund between the parties, the plaintiff receiving upon such division the sum of $91,500 in cash.

We are of the opinion that the parties had a right to compose all differences between them by agreement, and that the written agreement entered into on July 30, 1926, was, in the absence of fraud or duress, binding upon both parties. Until set aside because of fraud or duress, said agreement was valid and enforcible. The agreement was entered into upon sufficient consideration. Following the execution of the agreement, the plaintiff received from defendant two quarterly payments of alimony under said agreement of $1,500 each, on the 4th day of August, 1926, and on the 1st day of November, 1926, respectively. We do not think the plaintiff,

confronted by her solemn agreement upon valuable consideration to take less than the sum allowed her by the decree herein, and which agreement has not been set aside by a court of competent jurisdiction as obtained by fraud or duress, should be granted the extraordinary equitable remedy of sequestration under a decree to the cancellation of which she has consented.

The order appealed from should therefore, be reversed and the motion for sequestration denied.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order reversed and motion denied.