Ida B. Polakoff, Plaintiff, *v.* Abraham Polakoff, Defendant.

Supreme Court, Special Term, Queens County, October 14, 1940.

*Peter J. Haberkorn,* for the plaintiff.

*Joseph Allentuck,* for the defendant.

Hallinan, J. I find as a fact that the defendant secured a so-called divorce against the plaintiff some time in July, 1936, in the city of Juarez, Chihuahua, Mexico, and that the court there had no jurisdiction over the parties (See *Matter of Alzmann* v. *Maher,* 231 App. Div. 139) and that he thereafter married another woman with whom he has been residing openly and notoriously as man and wife in the county of Queens, State of New York.

If this were all that were involved in this case, I would find that the defendant was guilty of cruel and inhuman conduct so as to entitle the plaintiff to a judicial separation. (*Hofmann* v. *Hofmann,* 232 N. Y. 215.) However, the defendant has asserted as a defense a separation agreement between the parties, which he claims is still in full force and effect, and which has been fully performed on his part.

The parties have been separated since February, 1927. On March 16, 1927, while both parties were represented by counsel, a written memorandum of the terms of a separation agreement involving what is tantamount to a lump sum settlement, was made, which was subsequently to be reduced to a more formal agreement. The formal papers were prepared as agreed, were signed by the defendant and delivered to the plaintiff or her attorney, but the plaintiff refused to sign same. At that time the parties owned two parcels of property in Albany, N. Y., as tenants by the entirety.

One of such parcels was sold, and from the proceeds thereof the sum of $11,791.93 was turned over to the plaintiff. The keys to the remaining parcel were likewise turned over to the plaintiff, and she has controlled it since that time. The defendant offered a deed to the said other parcel, and to release any interest he might have in property in New Jersey which the plaintiff owned, but due to the fact that the plaintiff refused to sign the formal agreement, these documents were not delivered.

I find, however, that the defendant has performed all the terms of the memorandum which he was required to perform, and that by reason thereof there is a subsisting separation agreement between the parties.

It is well settled that while a separation agreement subsists, neither party can have recourse to an action for separation. (See 9 Carmody's N. Y. Practice, § 238, and the authorities cited therein.) The plaintiff contends, however, that even assuming the existence of the separation agreement, the defendant had breached it by securing the Mexican divorce, remarrying and living openly with another woman as his wife.

In *Galusha* v. *Galusha* (116 N. Y. 635) the wife sued for divorce. The husband set up a separation agreement as a defense to alimony and counsel fees. The wife contended that inasmuch as the husband had committed adultery subsequent to the execution of the agreement, such act was a breach thereof, In disposing of this contention, the court said (p. 644): " No provision was inserted that this contract for maintenance should be affected by the subsequent wrongful act of either party and none can be implied. A succeeding illegal act by one of the parties, whether adultery or assault and battery, would render the offending party liable to incur the legal penalty thereof, but it could not affect a prior agreement for maintenance in the absence of a stipulation providing for such a result."

In the case at bar neither the documentary nor oral proof establishes any agreement between the parties prohibiting either party from instituting an action for divorce. Moreover, it was said in *Powers* v. *Powers* (33 App. Div. 126, 127): " If it is true that the defendant is living in adultery with another person, the plaintiff has a cause of action for divorce, but abandonment cannot be predicated thereon in view of the separation agreement."

Under all the circumstances, therefore, I conclude that inasmuch as there is a subsisting separation agreement between the parties, plaintiff cannot secure a judicial separation. If the defendant has committed adultery, she may resort to an action for divorce. In reaching this result, the court has merely passed upon the existence

of the agreement as a bar to plaintiff's action, and not the equity or fairness of its terms. (See *Drane* v. *Drane*, 207 App. Div. 217; *Dolan* v. *Dolan*, 259 id. 1115.)

Judgment is accordingly directed in favor of the defendant, dismissing the plaintiff's complaint, without costs. Settle findings and judgment on notice.