Harold S. Smith v. Commissioner.
Harold S. Smith v. Commissioner
Docket No. 12210.
United States Tax Court
1947 Tax Ct. Memo LEXIS 6; 6 T.C.M. (CCH) 1323; T.C.M. (RIA) 47335; December 24, 1947
*6 Petitioner is not entitled to deductions under section 23(u), Internal Revenue Code, for payments made to his wife in 1942 and 1943 under a separation agreement which was not entered into incident to a judicial separation. Charles M. Siegfried, Esq., 67 Wall St., New York, N. Y., for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $9,486.83 in income and victory tax for 1943, the computation of which involves income for both 1942 and 1943, pursuant to the Current Tax Payment Act of 1943. The question is whether petitioner is entitled to deductions under section 23 (u) of the Code for payments made to his wife in the taxable years under a separation agreement. Findings of Fact The petitioner and his wife, Irene Hunt Smith, at all times here pertinent were, and still are, residents of the State of New York. Petitioner's tax returns for the years 1942 and 1943 were filed with the collector for the third district of New York. In July 1939, petitioner and his wife entered into a written agreement of separation, dated July 27, 1939, under *7 the terms of which they agreed to live separate and apart from each other for the rest of their natural lives. The agreement provided for periodic payments to be made by the petitioner to his wife in discharge of his legal obligations for her maintenance and support as follows: "THIRD: That the Husband shall pay to the Wife on account of her maintenance and support during her lifetime or, if and until she shall remarry, such amount of money each month on the first day thereof, as may be necessary to support and maintain the Wife in the manner in which she has been and now is accustomed to live commensurate with the Husband's income and earning ability. The Husband is now and has been for the last several years paying the Wife the sum of Sixteen Thousand Dollars ($16,000.00) per year for her support and maintenance." Ever since the execution of the agreement, petitioner and his wife have lived apart from each other in accordance with its terms. Under the agreement petitioner paid his wife periodically for her sole and separate maintenance and support sums aggregating $6,050 during 1939, $13,304.37 in 1940, $13,805.76 in 1941, $10,454.46 in 1942, and $10,000 in each of the years *8 1943, 1944, and 1945. Payments which petitioner made to his wife during 1942 and 1943 were reported by her as income during those years and she paid the tax shown to be due. In his returns for 1942 and 1943 petitioner took deductions for these payments, but the respondent disallowed them. On or about August 29, 1946, petitioner's wife filed a claim for refund, in the amount of $4,273.39, with the collector for the third district of New York for the alleged overpayment of income tax for 1943. No decree of any court has ever been secured or entered at any time with respect to a separation or a divorce between petitioner and his wife. Opinion ARUNDELL, Judge: Petitioner claims deductions under section 23(u)[1] of the Code for payments which he made to his wife in 1942 and 1943, pursuant to their separation agreement. Deductions under section 23(u) are dependent upon whether the items in question are includible in the gross income of the petitioner's wife under section 22(k). [2]
*9 Petitioner apparently recognizes that our decision in Charles L. Brown, 7 T.C. 715, is adverse to his position here, but he asks for a reconsideration of that decision. He contends that under the law of New York, a separation by contract between the spouses is the full equivalent of a separation by judicial decree, and that where such an agreement subsists, the courts of New York will not take jurisdiction to grant a decree accomplishing the same purpose, citing Draine v. Draine, 207 App. Div. 217. Even if that be so (but cf. Robert L. Daine, 9 T.C. 47) we do not see where the result is changed. The statute here involved deals expressly with a decree, not with equivalence. The arguments which petitioner makes are of a kind which would be more properly addressed to the legislature than to the courts. They do not persuade us that our views as expressed in the Brown case, supra, were erroneous, and on the authority of that case we hold that the respondent committed no error. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * * ↩
2. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *↩