## SMITH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 258, Docket 20947.

Circuit Court of Appeals, Second Circuit.

June 2, 1948.

Charles M. Siegfried, of New York City (Solomon C. Stember, of New York City, on the brief), for petitioner.

Robert M. Weston, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Sewall Key and Lee A. Jackson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The issue here is narrow. May the taxpayer deduct from his gross income the periodic payments made to his wife pursuant to a separation agreement, where no decree of divorce or of separate maintenance has been obtained? The Tax Court, in an unreported opinion, has held that he may not. It ruled that the several specific references in I.R.C. §§ 22(k) and 23(u), 26 U.S.C.A. Int.Rev.Code, §§ 22(k), 23(u), to a decree of divorce or of separate maintenance made such a decree a requisite to the deductions. The applicable provisions are set forth in the note.[1]

The facts have been stipulated, and the question turns upon the construction of the statute enacted in 1942. It appears that in July, 1939, the taxpayer and his wife entered into a written agreement of separation wherein they agreed to live separate and apart from each other for the rest of

---

[1] "Section 22. Gross income.

\* \* \* \* \* \* \*

"(k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. \* \* \*"

"Section 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(u) Alimony, etc., payments. In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection."

their natural lives. The agreement was executed in the State of New York, and the parties were, and still are, residents of and domiciled in that state. By the terms of the agreement it is specifically provided that the taxpayer is to make periodic payments to his wife in discharge of his legal obligations for her maintenance and support. Pursuant thereto the taxpayer paid his wife sums aggregating $10,454.46 in the year 1942 and $10,000 in 1943, and he took these sums as deductions in his income tax returns for those years. The deductions were disallowed and the Commissioner determined a deficiency of $9,486.83 in income and victory tax for the year 1943. The reason that the deficiency is assessed to the year 1943, rather than to both of the years involved, is a result of the change to the "pay-as-you-go" system whereby 1943 was made the governing tax year, even though the computation of the tax involved income for both the years. Current Tax Payment Act of 1943, c. 120, 57 Stat. 126, § 6(f), 26 U.S.C.A. Int.Rev.Code, § 1622 note. His wife, on the other hand, had reported the payments as income to her and had paid the taxes thereon. In August, 1946, however, she filed claims for the refund of the alleged overpayment of her 1943 tax. It is not disputed that no decree has at any time been secured or entered with respect to a separation or a divorce between the taxpayer and his wife. In New York a decree of separation is possible, but only on specific grounds such as abandonment or cruel and inhuman treatment; the final judgment may contain provisions for the wife's maintenance. N.Y.Civil Practice Act, §§ 1161, 1164.

The taxpayer claims deductions under § 23(u) for the payments made to his wife under the separation agreement during the tax year in question. The allowance of the deductions turns on the question whether or not the payments were includible in the gross income of his wife under § 22(k). For if they were, then the taxpayer could rightly deduct such payments. Examining the single sentence quoted in footnote 1, we find that there are three distinct and unclouded references to the requirement of some sort of judicial sanction for an alteration in the marital status in order that the payments be included in the wife's gross income. Thus it is provided that the wife must be "divorced or legally separated from her husband *under a decree of divorce or of separate maintenance.*" So, too, the payments must have been "received subsequent *to such decree.*" And finally, they must discharge an obligation "under a written instrument *incident to such divorce or separation.*" (Emphasis added throughout.) Clearly, the use of "such" in the last quoted phrase has reference to the prior language, namely, a separation resulting "under a decree * * * of separate maintenance." It would be difficult, it seems, to find language more definite. Thus the periodic payments may be deducted only if made under a decree of divorce or of separate maintenance. Such has been the consistent construction given this section by the Tax Court. Brown v. Commissioner, 7 T.C. 715; Wick v. Commissioner, 7 T.C. 723, affirmed 3 Cir., 161 F.2d 732; Kalchthaler v. Commissioner, 7 T.C. 625; Daine v. Commissioner, 9 T.C. 47, affirmed in our decision herewith, 2 Cir., 168 F.2d 449.

We agree. The payments here were not court decreed obligations, and hence the taxpayer does not come within the statutory terms. The taxpayer's wife was not legally separated from him under a decree of separate maintenance. The payments were not made subsequent to such decree. At no time was the taxpayer legally obligated under any decree or written instrument incident to such decree to make the payments in question. His obligations arose from the agreement. That is not enough. They must be obligations imposed under a decree.

Nevertheless, the taxpayer contends that, even though the statute does specifically refer to a "decree," yet Congress did not intend—in separation cases—to limit the statutory relief to those cases where a decree had been entered. Rather he insists that the intention was to deal with the situation of a definite and binding separation, however brought about. In short, his argument is that there is an ambiguity in the statute, notwithstanding the fact that the meaning of its words is clear. He contends that where the literal meaning will lead to results that are absurd or plainly at vari-

ance with the policy of the legislation, then there is ambiguity, which must be resolved by giving effect to the legislative purpose, rather than the literal meaning of the language employed. For this he cites United States v. American Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345, rehearing denied 311 U. S. 724, 61 S.Ct. 53, 85 L.Ed. 472. We may note in passing that there a limited meaning was given the apparent generality of the statutory term involved. Further, as the Court took pains to point out, there were many factors supporting the limited interpretation made. Among those factors were the consistent interpretation made by the agency intrusted with the administration of the act involved and evidence from the hearings on the bill strongly supporting the ultimate interpretation.

The taxpayer attempts to show that in this case, too, there is an ambiguity, one that demands the overriding of the statutory terms. In support of this he urges us to note that the statutory objective was to apply the principle that income is to be taxed to its real owner. He calls to our attention the Report of the House Committee on Ways and Means (H.R.Rep.No.2333, 77th Cong., 2d Sess.), 1942-2 Cum.Bull. 372, 409, wherein it is set forth that under the then existing system the husband was taxed in full on his entire net income notwithstanding the fact that a large portion of it might have gone to his wife as alimony or separate maintenance payments; that the increased surtaxes intensified the hardship of husbands who were in that unfortunate predicament, and "in many cases the husband would not have sufficient income left after paying alimony to meet his income tax obligations." He cites further provisions of the report to show that in discussing the allowance of a deduction, no reference is made to the necessity of a decree. This argument seems at most a weak reed when examined in terms of the explicit and definite provisions of § 22(k). It loses even this semblance of validity when assayed in the light of the specific language of the Committee's Report, Id. 427, 428 (repeated in Sen.Rep.No.1631, 77th Cong., 2d Sess., 1942-2 Cum.Bull. 504, 568): "This subsection [i. e., § 22(k)] applies only to a wife who is divorced or legally separated under a decree of divorce or separate maintenance and to the husband from whom she is divorced or legally separated by such decree." Thus it is clear from the Committee's Report, as well as the express language of the statute, that the allowance of the deduction is dependent upon the existence of a decree of divorce or of separate maintenance. And, indeed, such has been the interpretation of the section by the Treasury Department, U.S.Treas.Reg. 111, § 29.22(k)-1. It is also the specific conclusion of able commentators. Gornick, Alimony and the Income Tax; Background and Effect of the Provisions in the Revenue Act of 1942, 29 Corn.L.Q. 28, 1943; Rudick, Marriage, Divorce and Taxes, 2 Tax L.Rev. 123, 1947.

Finally, the taxpayer argues that under the law of New York a separation by contract between the spouses is the full equivalent of a separation by judicial decree, and that if a separation agreement subsists then the courts of New York will not take jurisdiction to grant a decree accomplishing the same purpose, citing Drane v. Drane, 207 App.Div. 217, 201 N.Y.S. 756. This appears to be an oversimplification of the New York judicial determination to enforce an interparty agreement as the parties have formed it. Stoddard v. Stoddard, 227 N.Y. 13, 124 N.E. 91; Johnson v. Johnson, 206 N.Y. 561, 100 N.E. 408, Ann.Cas.1914B, 407. The situation thus appears to be one where the statutory grounds are lacking and a spouse's desire to secure a modification of the contract is not enough to justify court action. Be that as it may, the possibility of evasion, the difficulty of disproving the bona fides of an informal separation, may well have persuaded Congress to limit the relief granted to those cases where a decree of legal separation had been obtained. Gornick, supra, 29 Corn.L.Q. 28, 40. The language of § 22(k) is insistently to that effect; and as we have seen, there is nothing to suggest a contrary result. Indeed, to give a separation agreement entered into in New York this special treatment would be to defeat the uniformity intended by the Act. Sen.Rep.No.1631, 77th Cong., 2d Sess., 1942-2 Cum.Bull. 568. There is no reason, for example, why a sep-

aration agreement should have one effect, taxwise, in New York and another in Connecticut. Since, therefore, the taxpayer was not legally separated from his wife "under a decree * * * of separate maintenance," he is not entitled to a deduction for the payments made to his wife in the years 1942 and 1943. Accordingly, the decision of the Tax Court must be affirmed.