HERMAN BORAX, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 60826. Filed June 30, 1958.

*Milton Young, Esq.*, for the petitioner.
*John F. Walsh, Esq.*, for the respondent.

PIERCE, *Judge:* The Commissioner determined deficiencies in income taxes of the petitioner as follows:

| | |
|---|---|
| 1949 | $3,434.65 |
| 1950 | 5,598.30 |

The sole issue for decision is whether amounts paid by petitioner to his wife pursuant to a voluntary separation agreement, which, with consent of petitioner, was reformed by a court decree solely to increase the amounts of the payments, are deductible under section 23 (u) of the 1939 Code.

### FINDINGS OF FACT.

Most of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by reference.

Petitioner's income tax return for each of the years 1949 and 1950 was filed with the collector of internal revenue for the third district of New York.

On November 4, 1935, petitioner married Ruth Haber; and a son, James S. Borax, was born to them in 1937. Petitioner and his wife lived together in New York City, as husband and wife, until about March 14, 1946, when they separated by mutual agreement. Thereafter, at all times here material, petitioner continued to reside in New York City.

On the latter date, March 14, 1946, petitioner and his wife executed a voluntary written separation agreement. This agreement recited, in substance and so far as here material, that due to differences which had arisen between them, the parties would henceforth live separate and apart from one another; that the wife would have custody of their minor child; and

4. That, while both parties hereto shall remain alive, and so long as the Second Party [wife] shall fully keep, observe and perform the terms [of the agreement] * * * and so long as the marriage of the parties hereto shall not be dissolved by any order, judgment or decree entered against the Second Party,

the First Party [husband] shall pay to the Second Party, as hereinbefore provided, the sum of Five Hundred and Seventy-Five ($575.) Dollars per month, * * * as full, fair and reasonable provision for the Second Party and for the maintenance, education and support of said child, except as aforementioned, * * *

The agreement further provided that such payments would be in full satisfaction and discharge of any and all alimony, whether permanent or temporary, which the wife might claim or be awarded in any action that might thereafter be brought by either party against the other.

Subsequently, on September 30, 1946, the wife commenced an action against petitioner in the New York Supreme Court, County of New York, for the purpose of reforming said separation agreement, solely to rectify an alleged mutual mistake in fixing the amounts of the payments to be made thereunder by petitioner. Said court had general jurisdiction over matters at law and in equity, including matrimonial matters. The complaint which the wife filed with said court alleged, in substance, that she and the petitioner were still married; that by reason of mutual mistake the above-mentioned separation agreement failed to reflect the intention of the parties that the wife was to receive the specified payments free of any Federal or New York State income taxes; and that said separation agreement should "be reformed," so as to require the petitioner to assume payment of any taxes on the specified payments which the wife might have to pay. After petitioner had filed his answer to this complaint, the wife moved for judgment on the pleadings; but the court, on October 10, 1946, denied such motion and refused the requested "reformation" of the separation agreement.

Following such action of the court, petitioner's wife filed an amended complaint, in which she again sought "reformation" of the separation agreement solely as to the amounts payable by petitioner. In this amended complaint, she alleged that the intention of the parties had been that she would receive $8,550 per annum for support of herself and her son, and to take care of her Federal and New York State income taxes on such payments; and she prayed that the court reform said separation agreement so as to reflect the true intention of the parties. Following petitioner's answer to such amended complaint, the wife again moved the court for judgment on the pleadings; but the court, on October 31, 1946, denied the wife's motion.

Thereafter, on November 14, 1946, following other procedural steps not here material, petitioner filed a stipulation with the court, in which he consented to the entry of a summary judgment on the wife's amended complaint for adjustment of the payments specified in the above-mentioned separation agreement of March 14, 1946. Thereupon, under date of November 22, 1946, the court entered a consent

decree allowing the wife's complaint, and a judgment thereon which provided so far as here material:

Adjudged, that the plaintiff have judgment herein as prayed for in the amended complaint and that the articles of separation entered into between the plaintiff and defendant dated March 14, 1946, be and· the same hereby are reformed according to their terms [sic] to the extent that the defendant is required to pay to the plaintiff the sum of $8,550 per annum as provided for in said articles of separation instead of the sum of $6,900 per annum.

.During each of the years here involved, petitioner made payments to his wife of $8,550 per annum, pursuant to said separation agreement, as reformed by said decree and judgment of the New York Supreme Court.

Petitioner's wife did not file any Federal income tax return for either 1949 or 1950.

Petitioner, in his income tax return for each of the years 1949 and 1950, claimed a deduction for alimony payments, in respect of the $8,550 which he had paid to his wife pursuant to the voluntary separation agreement, as "reformed." The respondent however, in his notice of deficiency,· denied such deductions, on the ground that such payments were not deductible under section 23 (u) of the 1939 Code.

The amounts paid by petitioner to his wife pursuant to said separation agreement as reformed, did not constitute payments imposed upon or incurred by petitioner under a decree of divorce or of separate maintenance, or under a written instrument incident to any such decree of divorce or separation.

### OPINION.

The provisions of the Internal Revenue Code of 1939 which are here controlling are sections 22 (k) and 23 (u).[1] Section 22 (k) provides, in substance and so far as here material, that where a wife has been *divorced or legally separated* from her husband ˙*under a decree of divorce or a decree of separate maintenance*, any periodic payments made to her by the husband in discharge of a legal obligation imposed under *such decree* or under a written instrument *incident to such divorce or separation*, shall be includible in the gross income of the wife. And the related section 23 (u) provides, in sub-

---

[1] SEC. 22. GROSS INCOME.

(k) Alimony, Etc., Income.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, * * *

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(u) Alimony, Etc., Payments.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * *

stance, that the husband shall be allowed a deduction for any such amounts that are includible in the gross income of the wife under section 22 (k).

Petitioner has conceded on brief that amounts paid by a husband to his wife pursuant to a mere voluntary separation agreement are not deductible by the husband under section 23 (u) ; and he also has conceded the correctness of the decision of this Court to that effect, in *Charles L. Brown*, 7 T. C. 715. He contends, however, that we are not here dealing with an obligation which arose solely under a voluntary separation agreement, because the New York court in its decree and judgment imposed an obligation upon petitioner to pay his wife the increased amount of $8,550 per annum. He further contends that the court, by so doing, sanctioned the separation of the parties; and that, therefore, the decree and judgment of said court "constituted a decree of separate maintenance," for purposes of section 22 (k). We do not agree.

Under the law of New York, a decree of marital separation can be entered only on specific grounds, viz, cruelty, unsafe and improper conduct, abandonment, failure to provide, and adultery. Sec. 1161, N. Y. Civ. Prac. Act. Also, the complaint in an action for separation must, in order to be allowable by a New York court, specify with particularity the nature and circumstances of the defendant's misconduct, and the time and place of each such act. Rule 280, Rules of Civil Practice. In the instant case, however, neither the original complaint nor the amended complaint filed by petitioner's wife contained any allegation which could be interpreted to be sufficient to support an action for marital separation under New York law. Indeed, it is obvious from an examination of the wife's pleadings, that the suit was merely for "reformation" of the parties' voluntary separation agreement, so as to eliminate an alleged mutual mistake; and that the sole issue presented was whether the amounts of the payments specified in such separation agreement should be increased.

Decisions of the courts of New York make it clear that, where a wife has brought a suit against her husband to reform a voluntary separation agreement, solely to the extent of increasing the payments or allowances provided for therein, such suit is not a matrimonial action, but rather a proceeding in equity to revise the contract of the parties; and that any decree entered therein is not a decree for separate maintenance. *Stoddard* v. *Stoddard*, 227 N. Y. 13, 124 N. E. 91; and *Johnson* v. *Johnson*, 206 N. Y. 561, 100 N. E. 408. See also *Drane* v. *Drane*, 207 App. Div. 217, 201 N. Y. S. 756, in which the court pointed out that, where there is a subsisting separation agreement, there is no legal justification for a decree of separation. Thus it is obvious that the decree of the New York court which is here

involved, was neither a decree of divorce nor a decree which altered the marital status and provided for separate maintenance.

In *Smith* v. *Commissioner*, (C. A. 2) 168 F. 2d 446, 448, affirming a Memorandum Opinion of this Court, the Court of Appeals for the Second Circuit, after citing the above-mentioned decisions of the New York courts, stated with respect to sections 22 (k) and 23 (u) of the 1939 Code:

Thus it is clear from the Committee's Report [pertaining to said sections], as well as the express language of the statute, that the allowance of the deduction [under section 23 (u)] is dependent upon the existence of a decree of divorce or of separate maintenance. * * *

Likewise, in *Charles L. Brown*, *supra*, this Court said at page 716:

From a scrutiny of this language [of section 22 (k)] it will be apparent that the legislators took occasion in that single sentence to require at no less than three distinct points the intervention of some sort of judicial sanction for an alteration in the marital status. The wife must be "divorced or legally separated from her husband *under a decree of divorce or of separate mainte-nance.*" The payments in question must have been "received subsequent to such decree." And they must discharge an obligation "under such decree or under a written instrument *incident* to *such* divorce *or separation.*" (Emphasis in each case added.) Even in the last quotation use of the word "such" to define "separation" demonstrates that what was meant was not any legal separation, as petitioner contends, but only one of a sort to which reference has already been made in the prior language, that is, a separation consum-mated "under a decree * * * of separate maintenance."

We hold in the instant case, on the basis of the foregoing, that the payments which petitioner made to his wife in the taxable years involved, were not made in discharge of a legal obligation imposed "under a decree of divorce or of separate maintenance" or "under a written instrument incident to such divorce or separation," within the meaning of section 22 (k) of the 1939 Code; and, accordingly, that such payments are not deductible by petitioner under section 23 (u) of the 1939 Code.

*Decision will be entered for the respondent.*