Morris E. Spector, J.
This is an action by the plaintiff wife wherein by the first cause of action she requests a separation or divorce and, apparently, by the second cause of action requests a declaratory judgment, declaring the nullity of a void marriage and adjudging her to be the lawful wife of the defendant, and declaring inadequate the amount of support provided for the children. The other two causes are for money judgments, one based on agreement between the parties, the other for her share of a joint bank account.
Certain facts are conceded. The parties on November 2, 1956 entered into a separation agreement. Thereafter the defendant procured a void Mexican divorce, and married the female defendant. The plaintiff has elected to sue for separation under the first cause of action rather than divorce.
A valid and subsisting provision for support and maintenance in a separation agreement bars the maintenance of a separation action (Borax v. Borax, 4 N Y 2d 113 ; 18 Carmody-Wait, New York Practice, § 17, p. 335, § 94, p. 400). Nor is the argument by counsel, to the effect that the wording of the agreement contemplates that the provisions thereof shall be incorporated in a judgment of separation or divorce, controlling on the question of the wife’s right to sue while the separation agreement is in effect. For a separation agreement assures the wife of all the rights that could accrue from a judgment of separation and so long as the defendant keeps it, a judgment cannot be substituted for a subsisting agreement of separation upon the demand of the wife (Drane v. Drane, 207 App. Div. 217). Accordingly, the motion to dismiss the first cause of action should be granted (Polakoff v. Polakoff, 175 Misc. 354). It is to be noted that a different determination would result herein if the plaintiff had elected to sue for divorce instead of a separation.
However, the causes of action for a declaration and adjudication of the marital status of the parties and the question of inadequacy of support for the children and for the money judgments are valid causes of action.
“ A spouse who is really wronged by what is claimed to be an invalid divorce, has the right, if his purpose is a bona fide one, to preserve the marital status or, at any rate, to have it adjudicated. He is not compelled to sue the alleged wrongdoer for divorce and in effect, by his own action, to legalize what he contends was a wrong committed against him ” (Engel v. Engel, 275 App. Div. 14, 16). It has been stipulated and agreed that the Mexican divorce is invalid as against the plaintiff since she did not appear in the action and no one represented her in said action. Therefore, a declaratory judgment may be entered *560 declaring the plaintiff to he the legal wife of defendant Murray J. Cohen.
In addition, the duty of a father to support his children is distinct from the obligation to maintain his wife, and as they are not parties to the agreement, the question of the adequacy of the support provision may be heard by the court.
■ In Brock v. Brock (4 A D 2d 747) the court said: “ The obligation of a father for the support of his children is governed by their needs in relation to his financial ability. (Van Dyke v. Van Dyke, 278 App. Div. 446, affd. 305 N. Y. 671.) The courts are not bound by support provisions for children contained in a separation agreement, but are mandated to provide for their support and welfare as ‘ justice requires.’ (Civ. Prac. Act, § 1170 ; Domestic Relations Law, § 70 ; Kunker v. Kunker, 230 App. Div. 641 ; Van Dyke v. Van Dyke, supra.) ”
According to the separation agreement, the defendant is obligated to pay $15 per week for the support of the wife and $35 per week for the support of his two children. The defendant’s income for the year 1960 is about $2,000 higher than when the separation agreement was entered into. He also has a life interest in a piece of real estate which nets him $1,800 per year. However, he has to plow back $1,700 of that in payment of interest and amortization on a loan that he made to pay off a mortgage on said property that became due. While he does not get any benefit from this income at present, it does represent an increase in his equity of this property. It should also be borne in mind that this property reverts to his wife and children after his demise. Defendant also receives $460 per year interest on a mortgage that he owns.
On the strength of his Mexican divorce, some two years after the separation agreement, defendant married the female defendant who has a child living with them.
In view of the increase in cost of living and because defendant has improved his earning capacity, I believe that the support for the children should be increased by $10 per week for each child. : ’' ;
Plaintiff also seeks an allowance for counsel fees. Her counsel has already received $700 in a prior proceeding which was discontinued. Defendant paid this sum with the understanding that plaintiff was seeking a divorce and not a separation. The first two causes in this complaint are identical with the discontinued action. However, in view of the fact that counsel has been successful in increasing the allowance for support of the children, I shall allow him an additional $250.
*561 There has also been some testimony with reference to changes in the visitation rights. It is hereby ordered that the visitation rights reserved in the separation agreement be continued without change.
The third cause of action is with reference to some unpaid medical and dental bills. The unpaid medical bills of Dr. Parnas in the sum of $79 are to be paid by defendant.
The dental bill of $292 need not be paid by defendant. Defendant told this dentist not to proceed with the work and that defendant would not pay him. Defendant had an estimate for $75 from a dentist that plaintiff recommended and who took care of the dental work for the family for 20 years. Accordingly, defendant is to reimburse the plaintiff the sum of $75 on account of this work.
The fourth cause of action is for the return of one half of the money that defendant withdrew from a joint savings account. There is no evidence that plaintiff contributed any money into this account. Furthermore, this money was withdrawn prior to the signing of the separation agreement by which the parties also released one another from any further obligations.