Bernard Newman, J.
Defendant moves for summary judgment in an action for a separation based on the grounds of cruel and inhuman treatment, and further seeks the vacatur of the order obtained by plaintiff for sequestration of his assets.
As an affirmative defense, defendant pleads a valid and subsisting separation agreement of May 2, 1946, as modified on June 1, 1948.
Plaintiff urges that paragraph 13 of the separation agreement states that “ Nothing in this agreement shall bar the institution of any action for separation by either party ’ ’. Continuing, the plaintiff further urges that the separation- agreement was procured under fraud and duress.
Assuming the last contention to be true, the remedy of the plaintiff is to set aside the separation agreement.
Borax v. Borax (4 N Y 2d 113, 114) holds that “ A valid and subsisting provision for support and maintenance in a separation agreement bars the maintenance of a separation action ” (citing Drane v. Drane, 207 App. Div. 217).
In the Drane case, the court stated (p. 218): “ This separation agreement so long as defendant keeps it, takes the place of defendant’s judicial remedy by action on the ground of cruel treatment or abandonment. A judgment cannot be substituted for a subsisting agreement of separation upon the demand of the wife. She has made her choice as to whether she would take a judgment of the court or accept the agreement with her husband”.
And in Cohen v. Cohen (28 Misc 2d 558, 559) the court stated: “ Nor is the argument of counsel, to the effect that the wording of the agreement contemplates that the provisions thereof shall be incorporated in-a judgment of separation or divorce, controlling on the question of the wife’s right to sue while the separation agreement is in effect. For a separation agreement assures the wife of all the rights that could accrue from a judgment of separation ”.
*1099 Consequently, the only effect of paragraph 13 of- the' agreement would be to preclude any claim of repudiation of the agreement by virtue of the commencement of- an action--for ■separation (Butler v. Butler, 206 App. Div. 214). The efficacy of the separation agreement as a defense to such an action is not impaired by that provision.
Plaintiff’s affidavit contains allegations concerning alleged fraud and duress, in inducing her to enter into the separation agreement which, she urges, entitle her to set the agreement aside. The complaint, however, contains no cause of action seeking such relief. Even though a pleading be deficient, summary judgment will not be granted if the affidavits present triable issues (Curry v. McKenzie, 239 N. Y. 267). But in the light of the passage of 16 years since the separation agreement has been extant, claims of fraud and duress in its execution are so belated as to deprive them of any force. Hence, the affidavits present no triable issue respecting the validity of the separation agreement which can effectively withstand defendant’s motion.
The plaintiff has failed to show that there is any issue of fact or that she has a cause of action. Summary judgment is therefore warranted on the defense of a valid and subsisting separation agreement. The motion for summary judgment is granted (Watters v. Watters, 259 App. Div. 611).
Until set aside, the separation agreement is valid and enforcible. Since the purpose for which the sequestration order was issued has fallen, the motion to vacate the sequestration order is granted (Aldrich v. Aldrich, 220 App. Div. 555).