■ INGA-LILL K. GAMBLE, Respondent, v. MILLARD G. GAMBLE, Appellant.— In an action by a wife to set aside a separation agreement and for a judicial separation, in which the wife had obtained an ex parte sequestration order appointing a receiver and directing him to sequester not more than $100,000 of the respondent's property, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, entered December 1, 1964, as provided: (a) that, within five days after service of the order, he shall furnish a bond approved by the court, in the sum of $75,000; (b) that, upon his default in furnishing such bond, his motion — which was to vacate the sequestration order " or in the alternative " to permit him " to substitute for said order such security as may be specified by the Court "— is denied. Appeal dismissed, with $10 costs and disbursements. The defendant husband is not a party aggrieved by the order appealed from. The order granted the alternative relief sought by him on his motion, namely, the opportunity to substitute for the sequestration order " such security as may be specified by the court." Thereafter, the defendant actually furnished a bond in the amount fixed by the court and thereby, in effect, terminated the sequestration order and obtained the release of all his property previously attached. Under the circumstances, the defendant having obtained the relief which he sought and having availed himself of such relief, he may not now challenge the propriety of the order (*City of New Rochelle* v. *Seacord,* 264 App. Div. 882–883, and cases there cited). Christ, Brennan, Rabin and Benjamin, JJ., concur; Beldock, P. J., concurs with the following memorandum: While the drastic remedy of sequestration is available in actions for divorce, separation, annulment, or for a declaration of nullity of a void marriage if the statutory requirements are met (Domestic Relations Law, § 233; formerly Civ. Prac. Act, § 1171-a), there is no statutory authority for a sequestration order in an action to set aside a separation agreement. Such an action may be maintained on proper grounds, but the action rests on the same principle which governs an action affecting a contract (*Johnson* v.

*Johnson,* 206 N. Y. 561, 567). The extraordinary remedy of sequestration may not be granted until the separation agreement is set aside (*Aldrich* v. *Aldrich,* 220 App. Div. 555, 558–559). However, for the reasons stated by the majority, I agree that the appeal must be dismissed.