CARRIE ROTHSCHILD SAPINSKY, Respondent, v. SIMON M. SAPINSKY, Appellant. — Order resettling order entered July 24, 1929, vacating and setting aside judgment, and granting plaintiff leave to serve an amended reply, affirmed, with ten dollars costs and disbursements; plaintiff to serve amended reply within ten days from entry of order herein. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

JULIUS SCHMID, Appellant, v. WINTER & COMPANY, Respondent.— Judgment unanimously affirmed, with costs. The time fixed by the contract for completion of deliveries was March 31, 1927. The letter of September 7, 1927, did not revive the contract even if we ignore its self-serving character. But if we assume that it did, the next elapsing period of over nineteen months down to and including April 24, 1929, when, contemporaneously with the service of the summons and complaint, the plaintiff's assignor gave the defendant notice that it held the undelivered goods under the contract for the defendant, shows the plaintiff not entitled to prevail under the authority of *Timme* v. *Steinfeld* (214 App. Div. 611). We point out that nothing was proved by plaintiff, except the two letters referred to, both of them after the time limit fixed by the contract, indicating the slightest understanding or belief upon the part of the plaintiff's assignor that the incomplete portion of the contract was regarded in any other light than as an abandoned contract. The admission in the answer relied on by plaintiff went no further than plaintiff's proofs, which established only that any offer of the merchandise was that which might be inferred from the two letters mentioned. We are of opinion that the judgment dismissing the complaint was correct. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

MICHELINA SCLEMENE, Respondent, v. ANGELO R. SOLEMENE, Appellant. — Order granting plaintiff's motion for alimony and counsel fee reversed upon the law and the facts, without costs, and motion denied, without costs. The continued existence of the separation agreement bars the granting of this motion. It does not satisfactorily appear in this record that the defendant breached the agreement or that the agreement did not subsist at the time of the commencement of this action. (*Rosenblatt* v. *Rosenblatt*, 209 App. Div. 373; *Drane* v. *Drane*, 207 id. 217; *Brody* v. *Brody*, 190 id. 806; *Benesch* v. *Benesch*, 182 id. 221; *Beebe* v. *Beebe*, 174 id. 408; *Johnson* v. *Johnson*, 206 N. Y. 561; *Winter* v. *Winter*, 191 id. 462.) Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

JAMES V. TURECAMO CONTRACTING Co., INC., Respondent, v. BROOKLYN EMPIRE CONSTRUCTION Co., INC., and Others, Defendants. CINAK REALTY COR-PORATION and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellants.— Judgment as against defendants Cinak Realty Corporation and Fidelity and Deposit Company of Maryland unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.