**FLORENCE ADAMS, Plaintiff, _v._ JESSE ADAMS, Defendant.**

Supreme Court, Special Term, Westchester County, September 19, 1949.

*Benjamin B. Hersh* for plaintiff.

*Blank & Gambino* for defendant.

COYNE, J. In this action for a separation, plaintiff wife moves for temporary alimony and counsel fees. In opposition to the motion defendant asserts the existence of a subsisting separation agreement. The moving papers clearly establish the reasonable probability of plaintiff's success upon the trial. The only question to be determined on the present motion is the validity of the purported separation agreement and its effect upon the legal obligation of the defendant to support his wife.

The parties were married in 1934 and resided together until on or about January 7, 1946, when they separated. On January 8, 1946, the parties executed the agreement here involved. Under the terms of the agreement, defendant paid plaintiff the lump sum of $2,800 and relinquished all rights to certain furniture theretofore held by the parties. In consideration thereof, the agreement provided that the lump sum was accepted by the wife " in full discharge, settlement and satisfaction of the wife's claim for support for the rest of her life ".

Generally, where there is a valid subsisting separation agreement the court cannot grant alimony until the agreement is set aside or impeached. Ordinarily, any issue as to the breach of an agreement, cannot be determined on affidavits alone, but must await proper inquiry and proof. (*Drane v. Drane*, 207 App. Div. 217; *Goldman v. Goldman*, 282 N. Y. 296; *Solemene v. Solemene*, 229 App. Div. 728; *Rosenblatt v. Rosenblatt*, 209 App. Div. 373.) However, this bar may be invoked only where the agreement is a valid one.

The instant case is not one where the parties entered into an agreement providing for regular, substantial, periodic payments, representing an admeasurement and determination, in dollars, of the husband's continuing obligation to support his wife. (*Goldman v. Goldman, supra; Galusha v Galusha*, 138 N. Y. 272, 283.) Had it been such, the court would treat the agreement, so long as it remained unrevoked, as the proper measure of compensation. The subject agreement provides for a lump sum payment to the wife in return for a release of the husband from all future liability for the wife's support. Such an agreement is expressly prohibited by statute and is void. (Domestic Relations Law, § 51; *Kyff v. Kyff*, 286 N. Y. 71, 74; *Jackson v. Jackson*, 290 N. Y. 512.) The distinguishing factor in the two situations is that in the former some measure of compensation

continues by virtue of the prescribed, regular, periodic payments; whereas in the latter, no scale or measure of support whatever survives the agreement.

An agreement which is violative of section 51 of the Domestic Relations Law will be disregarded on a motion for temporary alimony and counsel fees. (*Strahl* v. *Strahl*, 64 N. Y. S. 2d 490; *Rappaport* v. *Rappaport*, 268 App. Div. 1006.) Motion granted to the extent of awarding plaintiff temporary alimony at the rate of $25 per week and a counsel fee of $300. One half of the counsel fee shall be paid within two weeks after service of a copy of the order entered hereon and the balance when the case is reached for trial. Submit order.