M. Henry Martuscello, J.
Motion for leave to enter money judgment for arrears of temporary alimony and for other incidental relief.
In this action for a divorce, an order was entered on September 23, 1957 directing plaintiff husband to pay defendant *710 $196.90 monthly for the support and maintenance of defendant and the two children of the parties, and $400 counsel fee. Pursuant to said order plaintiff made the requisite payments until November 27, 1957, at which time a separation agreement was entered into between the parties which provided that plaintiff pay $160 monthly for the support and maintenance of the two children, that defendant wife waive her right to future support and that the parties release each other from any and all actions, debts, claims, etc. In her affidavit submitted herein the defendant states that she waived her right to support because she was gainfully employed at the time and that she thereafter became unable to work and thereupon instructed her attorney to communicate with plaintiff to advise him that she had repudiated said agreement and that she demanded payments of $75 monthly for her support, which sum she deems to be a fair portion of the entire amount originally ordered to be paid. A copy of a letter dated November 3, 1958 sent to plaintiff by defendant’s attorney to the above effect is annexed to the moving papers.
Plaintiff contends that the separation agreement should not be set aside without a full inquiry into the facts, citing cases in support thereof. The suggested procedure is no doubt required when the agreement does not appear on its face to be invalid. However, the subject agreement, insofar as it affects the wife, is void on its face. Under the provisions thereof defendant wife contracted to relieve plaintiff of his liability to support her without consideration therefor. Such an agreement is against the public policy of this State and in violation of section 51 of the Domestic Relations Law. (See Moore v. Moore, 59 N. Y. S. 2d 22.)
Accordingly, defendant is not required to bring action to set aside the separation agreement and may obtain the relief sought in the instant application. (See Dworkin v. Dworkin, 247 App. Div. 213.)
As the separation agreement is void, as aforesaid, the order dated September 23, 1957 remains in full force and effect and is binding upon the parties herein. (Leeds v. Leeds, 284 App. Div. 869, affd. without opinion 308 N. Y. 991; Rubinfeld v. Rubinfeld, 264 App. Div. 888; Dworkin v. Dworkin, supra, cf. Nusbaum v. Nusbaum, 280 App. Div. 315, 316.)
Motion is granted and judgment may be entered in favor of the defendant for the sum of $605.80, which sum represents $163 unpaid counsel fee and the balance thereof being the difference between the amount plaintiff paid for the support of *711 the children pursuant to said separation agreement and the amount directed to be paid by the order of September 23, 1957 for the period in question. Branch of motion seeking legal expenses in connection with this application, denied.
Settle order on notice.