James D. Hopkins, J.
In this action for a separation the plaintiff wife claims that the defendant has neglected and refused to support her. They were married on October 16,1940; one child, since deceased, was the issue of the marriage.
The defendant has entered as a complete defense to the action a separation agreement executed by the parties on September 27, 1956. It is the accepted rule that a separation agreement freely made by husband and wife bars a subsequent action for separation. (Drane v. Drane, 207 App. Div. 217; Powers v. Powers, 33 App. Div. 126; Polakoff v. Polakoff, 175 Misc. 354.) Hence, were there no more, the defendant would be entitled to judgment.
The plaintiff introduced the separation agreement into evidence at the trial and presses the argument that it is invalid on its face, pointing to the following clause: “ Eighth: That no provision is being made for the support and maintenance of the Party of the Second Part for the reason that the Party of the Second Part is to become employed as of October 1st, 1956, at Westhampton, Long Island, and it is believed by the parties hereto that the income from said employment will be sufficient for the Party of the Second Part to support and maintain herself. It is understood and agreed, however, that if at any time while this agreement is in effect, the Party of the Second Part shall become unemployed or ill or otherwise incapacitated, the Party of the First Part will then make reasonable provision for the support and maintenance of the Party of the Second Part, but if the Party of the Second Part is financially unable to provide for the support and maintenance of the Party of the Second Part during such period of unemployment or illness or incapacity, then the Party of the Second Part shall have the right to return to the home of the Party of the First Part, where she is to be supported and maintained by him. ’ ’
The plaintiff urges that this provision violates section 51 of the Domestic Belations Law, which, among other things, states that ‘1 a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife ”. Even before the enactment of section 51, the Court of Appeals had held that public policy forbade the *196 enforcement of an executory contract of such tenor (Tallinger v. Mandeville, 113 N. Y. 427, 432; see, also, Rogers v. Rogers, 4 Paige Ch. 516; Matter of Smith, 13 Misc. 592). The effect of section 51 is to incorporate that policy into the statutory authority of the State; once designed to benefit the wife alone, the section was recently amended to cast a reciprocal burden on an affluent wife for the support of an indigent husband (L. 1960, ch. 132, eff. Sept. 1, 1960).
Although earlier decisions seemed to impair the strength of the statutory direction (see Greenfield v. Greenfield, 161 App. Div. 573; Matter of Tierney, 148 Misc. 378), the Court of Appeals has now construed section 51 as a “ statutory prohibition ”, whereby “husband and wife are stripped of power to relieve the former of his obligation ” (Haas v. Haas, 298 N. Y. 69, 71). Judge Fold said in the latter case that “ However artful the terms of the agreement, however veiled the design to terminate the husband’s obligation, contrary to the mandate of section 51, the attempts are doomed to failure ”. Haas v. Haas, supra, p. 72.) Nothing short of a periodic payment of an amount adequate under all the circumstances to maintain his wife will suffice to meet the scope of the husband’s duty (Jackson v. Jackson, 290 N. Y. 512; Van Dyke v. Van Dyke, 278 App. Div. 446).
Here, the defendant sought to avoid his liability while the plaintiff Avas employed. Such an agreement falls Avithin the intent of the statute (Moore v. Moore, 59 N. Y. S. 2d 22, cited Avith appiwal in Haas v. Haas, supra; Cohen v. Cohen, 88 N. Y. S. 2d 483). Zuckerman v. Zuckerman (96 N. Y. S. 2d 190) does not hold to the contrary. There the agreement exempted the husband from support until such time as the wife ceased to be “self-sustaining”. That is not the same measurement of liability as “ employment ”, for “ self-sustaining ” imposes the same standard as the law generally exacts from the husband. But if the decision is otherwise interpreted, it must be deemed to be overruled by Haas v. Haas (298 N. Y. 69, supra).
It is not a requisite to a determination that the agreement is void that the plaintiff seek a declaration to that effect in this action before suing for a separation. When the agreement is in contravention of section 51 on its face, it may be disregarded for the purpose of the litigation (Dworkin v. Dworkin, 247 App. Div. 213; Leeds v. Leeds, 265 App. Div. 189; Bold v. Bold, 18 Misc 2d 709), even on a motion for temporary alimony and counsel fees (Adams v. Adams, 196 Misc. 211). The defendant contends, too, that the agreement may not be ignored by the plaintiff, Avhile she retains any benefits conferred upon her 111 ron ah its proA'isions. No doubt the plaintiff would be required. *197 as a price for rescission, to restore what she received under the agreement (Jaffe v. Jaffe, 283 App. Div. 738), but the court does not find any substantial transfer of assets under the agreement here which may fairly be ascribed to deprive the plaintiff of her right to sue for a separation.
We turn, then, to a consideration of the merits. At the time of the separation agreement, the parties lived at Schenectady, where the defendant was employed. Following the execution of the agreement, the plaintiff went with her son to live in Westhampton where she had obtained a job. After a lapse of about four months she lost her employment and returned with the son to her husband at Schenectady in February, 1957. The testimony of the parties is at variance as to their behavior upon the plaintiff’s return. The plaintiff testified that they resumed marital relations; the defendant testified that although they lived together in the same apartment with their son, they had agreed not to cohabit or to be reconciled, and that they had slept in different rooms.
The parties do agree, however, that after three months of residence together, the defendant, without any prior discussion or explanation, left the plaintiff and the son and came to New Rochelle where he had obtained a position for the Summer. Since that time it is not disputed that the parties have not lived together. This action was instituted in December, 1959.
The defendant introduced checks into evidence tending to demonstrate that he had made payments to the plaintiff in performance of his agreement — that is, the payment of $15 weekly for the support of the son. In addition, his proof indicates that he had paid the plaintiff certain other sums which could be construed as for her support. It is clear, nevertheless, that he had not made regular or periodic payments for her support, or any payments of a substantial sum over the period of the more than three years that they had lived apart.
Where the spouses have been living apart by consent, a wife suing for a separation on the ground of lack of support must show that she has offered in good faith to return and live with her husband, and that he has refused her offer (Batchelor v. Batchelor, 295 N. Y. 544). Here there is no question that after their separation, the plaintiff returned and lived with the defendant. The defendant claims that his acceptance of her return rested on the term of the separation agreement quoted above which entitled the plaintiff to come back to the defendant’s home if she were unemployed. If we assume that his claim is correct, it does not assist him, since the proof is that he left the home while she was still unemployed, without any discussion or agree *198 ment. The defendant further claims that the parties did not cohabit or become reconciled during their residence together during the three months ’ period. On this claim the court credits the testimony of the plaintiff that they cohabited together during that time.
Hence, the court finds that the defendant abandoned the plaintiff in May, 1957, when he left her to take up residence in New Rochelle, and has not adequately supported her since that time. Even though the plaintiff did not sue on the ground of abandonment, under the liberal practice now recognized by the courts in matrimonial actions the court should make such disposition as the proof warrants (Diemer v. Diemer, 8 N Y 2d 206; Traylor v. Traylor, 3 A D 2d 727); and here, too, the court granted the plaintiff’s motion at the close of the trial to conform the pleadings to the proof.
After reviewing the relative circumstances of the parties, the court grants alimony to the plaintiff in the sum of $25 weekly. Submit judgment on notice. This opinion may be treated as the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.