Joseph S. Detjtsch, J.
Petitioner applies to this court for an order of support in accordance with article 4 of the Family Court Act alleging that respondent since “ March 22, 1970, has refused and neglected to provide fair and reasonable support for petitioner according to his means and earning capacity.”
The parties on November 21, 1955 entered into a separation agreement. The agreement provided that the husband shall pay to the wife as alimony the sum of $50 per week.
The proof established that respondent has been at all times supporting the petitioner in accordance with agreement; that petitioner has a disease called ‘ ‘ cerebellar ataxia ’ ’ and is unable to work; that she has been certified as totally disabled and receives $161 a month social security; that petitioner received $100 a week from February, 1969 to October, 1969 under a 10-year health insurance policy and that there is now pending a lawsuit between petitioner and the insurance company; and that petitioner’s needs are approximately $140 a week.
Petitioner, now in poor health, unable to work and with no resources other than stated above, which are inadequate to maintain her present standard of living, seeks modification of the 1955 separation agreement. Respondent did not directly dispute any of the petitioner’s testimony.
It is well established that the courts may not upset separation agreements unless it be shown that the husband is relieved of his obligation to support his wife or provisions for the wife’s maintenance were wholly inadequate at the time the agreement was made or other ab initio invalidity existed (Matter of Ripley v. Ripley, 30 A D 2d 782, affd. 24 N Y 2d 770; cf. McMains v. McMains, 15 N Y 2d 283; General Obligations Law, § 5-311).
In maintaining the integrity of a separation agreement, the court in Goldman v. Goldman (282 N. Y. 296, 300) stated: “ Such agreements, lawful when made, will be enforced like other agreements unless impeached or challenged for some cause recognized by law. It is not in the power of either party acting alone and against the will of the other to destroy or change the agreement.” The court further pointed out (p. 303) that: “ so tong-as the contract remains in force * * * the court could not *695 * * * direct the [husband] to pay more or the [wife] to accept less than the parties had agreed should be paid by the [husband] for the support of [his wife].”
Therefore, until a husband is in default of the terms of a separation agreement, the agreement must be considered in full force and effect and bars the wife from an increase of the agreed provisions for support (Schmelzel v. Schmelzel, 287 N. Y. 21).
Relevant to this case is section 463 of the Family Court Act (formerly Domestic Relations Ct. Act, § 137, subd. 5) which provides that ‘1 A separation agreement does not preclude the filing of a petition and the making of an order * * * for support of a wife who is likely to become in need of public assistance or care ”.
In “ Lebolt ” v. “ Lebolt ” (200 Misc. 704) the court analyzed subdivision 5 of section 137 of the Domestic Relations Court Act and held that until the marriage relationship has been legally terminated i£ as between the community and the husband the burden of the wife’s support is cast upon the husband, regardless of any fault of either spouse ” and. that the statute was a declaration of the 1 £ common-law obligation of a husband to exonerate or indemnify the community from the burden of his wife’s support,” (p. 705) and conferred upon the court££ specific jurisdiction to enter an order for support of a wife in an amount exceeding that stipulated in a separation agreement which is being duly performed but which nevertheless provides a sum inadequate to exonerate or indemnify the community fully.” (p. 706). No proof that petitioner ££ is likely to become in need of public assistance or care ” has been submitted.
Accordingly, the petition is dismissed without prejudice, however, to whatever rights the parties may have in any other court in respect to such separation agreement or to filing a new petition pursuant to section 463 of Family Court Act.
Counsel fees are fixed at $250 which the court feels respondent is able to pay.