■ HELENE KROCHALIS, Appellant, v ROBERT KROCHALIS, Respondent.—Order unanimously reversed and matter remitted to Monroe County Family Court for further proceedings in accordance with the following memorandum: Appellant's petition for support for herself was dismissed by Family Court. She contends that the dismissal was error because (1) the provision in the separation agreement by which the wife purported to waive support for herself was void as against public policy; and (2) section 463 of the Family Court Act is therefore inapplicable and did not bar the court from entertaining her petition. The parties executed a separation agreement on June 25, 1974, which, *inter alia,* made provision for support of the children, disposition of household furniture, division of jointly owned securities, transfer of title to the home to the husband and other provisions which are not involved in this appeal. The crux of the present controversy is the following provision in the agreement: "The parties do further agree that the wife shall make no claim for alimony or support for herself at this time, in view of the fact that she is able to work and support herself". Petitioner alleges in her petition that the respondent husband "has refused and neglected to provide care and reasonable support for petitioner * * * according to his means and earning capacity". At the hearing the court orally ruled that because there was a separation agreement in effect section 463 of the Family Court Act bars the entry of a support order for a wife in the absence of proof that she is in need of public assistance. The court also held that it was without jurisdiction to modify the support waiver provision or find it void or voidable, stating that "That would have to be done in Supreme Court". Because of these rulings, no testimony was taken as to appellant's claim for her support. We agree with petitioner's contention that her purported waiver of support was contrary to public policy and void. Section 5-311 of the General Obligations Law provides in pertinent part that "A husband and wife cannot contract * * * to relieve the husband from his liability to support his wife". This language has often been invoked to invalidate separation agreements which purport to waive or suspend the husband's support obligation. In *Haas v Haas* (298 NY 69), in holding a suspension-of-support provision void as violative of section 51 of the Domestic Relations Law, the predecessor of General Obligations Law, the court stated (p 71): "By such statutory prohibition, husband and wife are stripped of power to relieve the former of his obligations; both are rendered incapable of bargaining away the woman's right to the man's support". Several nisi prius decisions have struck down provisions similar to the one under attack in the case at bar *(Mullane v Mullane,* 29 Misc 2d 194; *Burkhardt v Burkhardt,* 28 Misc 2d 976; *Bold v Bold,* 18 Misc 2d 709; *Cohen v Cohen,* 88 NYS2d 483; *Moore v Moore,* 59 NYS2d 22). Appellant also argues that because the waiver-of-support provision is void on its face section 463 of the Family Court Act is inapplicable and does not bar her support petition. That section provides: "A separation agreement does not preclude the filing of a petition and the making of an order under section four hundred forty-five of this article for the support of a wife who is likely to become in need of public assistance or care". It is clear, as appellant concedes, that when a separation agreement provides for regular support payments, and when the husband is not in breach of the agreement section 463 of the Family Court Act does bar the wife's support petition unless she is likely to become in need of public assistance *(Matter of Simmons v Simmons,* 63 Misc 2d 693; *Lebolt v Lebolt,* 200 Misc 704, 705). However, where the husband is in breach of a support provision in a separation agreement, the wife may bring a Family Court petition for support according to the husband's means,

irrespective of whether she is in need of public assistance *(Nilsson v Nilsson,* 200 Misc 841, 843; *Manheim v Manheim,* 200 Misc 802, 806). It appears reasonable that void agreements should follow the same principle as breached agreements. It should be noted that courts in a variety of support-related contexts have held that a separation agreement void on its face does not prevent relief and does not require a separate action to set it aside. Such an agreement is *nudum pactum* and may be disregarded *(Dworkin v Dworkin,* 247 App Div 213, 215; *Mullane v Mullane, supra; Golden v Golden,* 17 NYS2d 76). We cannot agree with Family Court's assertion that it has no jurisdiction to entertain the petition. The power to determine the facial validity of a support provision in a separation agreement is necessarily implied in the statutory grant to the Family Court of "exclusive original jurisdiction over support proceedings" (Family Ct Act, § 411). The convenience of courts and litigants is well served by permitting support-related disputes to be settled in a single proceeding where the challenged support provision is void on its face (see *Matter of Raymond v Davis,* 248 NY 67, 72). This matter is remitted to Family Court for a *de novo* determination of the parties' financial circumstances and a determination of support "as if the agreement did not exist insofar as it purports to relieve the husband of his obligation to support his wife" *(Henderson v Henderson,* 47 AD2d 801, 802). (Appeal from order of Monroe County Family Court—support.) Present— Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.