■ In the Matter of MARY D. INNIS, Appellant, v CALVIN J. INNIS, Respondent.—Order of Family Court, Bronx County (Elrich A. Eastman, J.), entered on or about June 16, 1989, denying the objections of petitioner and affirming the order of the Hearing Examiner entered January 30, 1989 dismissing the support petition, unanimously affirmed, without costs or disbursements.

The parties entered into a separation agreement on April 18, 1968, and have not been divorced. The terms included both spousal and child support. During the intervening years, by mutual agreement, respondent also paid petitioner's monthly rent. The agreement had been complied with until May 1988, when respondent informed petitioner he was eliminating payment of what he later testified he believed to be child support (as the child had reached maturity). Petitioner brought this support petition. After a hearing, the Hearing Examiner dismissed the petition, finding that the separation agreement was valid and thus the Family Court lacked subject matter jurisdiction. Objections were filed and the court affirmed the order of the Hearing Examiner.

The existence of a valid separation agreement precludes the Family Court from taking jurisdiction over matters of spousal support unless there is a showing that the spouse is likely to become a public charge (Family Ct Act § 463). An exception

exists when the agreement provides for support payments and a breach of such provision is present *(Krochalis v Krochalis,* 53 AD2d 1010). Here, the failure to pay support (but not monthly rental) for a very short time was found to be the result of a misunderstanding and not a breach of the agreement. Nor is there a showing that petitioner is likely to become a public charge, since the facts indicate that she is receiving disability payments from Social Security. Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.