■ ELAINE BECK, Appellant, v WILLIAM BECK, III, Respondent. [653 NYS2d 211] —Mikoll, J. P. Appeal from an order of the Supreme Court (Cobb, J.), entered April 2, 1996 in Greene County, which, *inter alia*, denied without a hearing plaintiff's motion for an order enforcing and modifying an amended separation agreement.

Plaintiff and defendant were married on January 24, 1970 and have two children, William, born in 1974, and Jeffrey, born in 1980. The parties entered into a separation agreement on June 23, 1981 which they amended on May 14, 1982. Pursuant to the terms of the amended agreement, plaintiff was to have legal custody of both children and defendant was to pay child support in the amount of $25 per child per week until the children reached the age of 18. In addition, defendant was obligated to pay maintenance to plaintiff in the amount of $50 per week until she died, remarried or cohabitated with an unrelated male for more than 30 days. The amended separation agreement was incorporated but not merged into a judgment of divorce dated December 3, 1982. Thereafter, on January 23, 1986, the parties executed a second amendment to the separation agreement which provided that defendant would pay child support in the amount of $50 per week per child until the children reached the age of 18.

In November 1995, plaintiff moved for an order enforcing the maintenance provisions of the separation agreement and modifying it to the extent of increasing the amount and duration of child support for the parties' son Jeffrey. Defendant opposed the motion and cross-moved for an order modifying the separation agreement so as to eliminate his obligation to pay maintenance. Supreme Court denied both motions without a hearing and this appeal by plaintiff ensued.

Plaintiff asserts, *inter alia*, that Supreme Court erred in denying her motion without a hearing. "It is well settled that on a motion for an upward or downward modification of support payments, a hearing is necessary on the issue of changed circumstances where the parties' affidavits disclose the existence of genuine questions of fact" (*Schnoor v Schnoor*, 189 AD2d 809, 810; *see, Grimaldi v Grimaldi*, 167 AD2d 443; *Hofmeister v Hofmeister*, 120 AD2d 802). Based upon our review of record, we do not find that plaintiff has made the showing necessary to warrant a hearing. In her affidavit in support of the motion, plaintiff avers that she is financially unable to meet Jeffrey's needs. In support of this statement, plaintiff simply lists the many activities which she claims that Jeffrey would like to participate in but which she is unable to afford. These statements are conclusory and insufficient to raise questions of fact regarding a change in circumstances. Therefore, we conclude that Supreme Court properly denied her motion without a hearing. We have considered plaintiff's remaining arguments and find them to be unavailing.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.