■ In the Matter of VINCENZA CIAMPI, Respondent, v GUISEPPE SGUEGLIA, SR., Appellant. [676 NYS2d 243] —Crew III, J. Appeals (1) from an order of the Family Court of Schenectady County (Griset, J.), entered May 29, 1997, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 3-A, for an award of child support, and (2) from an order of said court, entered September 11, 1997, which, *inter alia*, in two proceedings pursuant to Family Court Act article 4, found respondent in willful violation of a prior order of child support.

Respondent is the father of four children, Luigi (born in 1976), Antonio (born in 1978), Guiseppe, Jr. (born in 1980) and Mario (born in 1983). Respondent's wife died in 1987 and, in July 1993, respondent entered into an agreement with petitioner, his sister-in-law, providing for joint custody of the children. Pursuant to this agreement, petitioner was to have physical custody of Antonio, Guiseppe, Jr. and Mario, while respondent was to have physical custody of Luigi. The agreement further provided that respondent would pay child support in a specified sum and, additionally, would provide health insurance for the children and pay for any reasonable uninsured health care expenses that were incurred upon their behalf.

Respondent ultimately ceased making the required payments, prompting petitioner to file a petition pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A) seeking an order of child support and medical coverage. Respondent answered and cross-petitioned for custody of Guiseppe, Jr. and Mario. Following a hearing in December 1996, a Hearing Examiner ordered respondent to pay petitioner $228 per week for child support and $11 per week for health insurance coverage. Additionally, respondent was directed to pay 100% of the children's uninsured health care expenses. By order entered May 29, 1997, Family Court dismissed respondent's objections to and confirmed the Hearing Examiner's decision.

In the interim, in February 1997, a violation proceeding was commenced alleging that respondent had failed to make payments in accordance with the Hearing Examiner's December 1996 support order. Respondent answered and filed the first of two modification petitions seeking a downward modification in his child support obligation. Thereafter, in May 1997, a joint hearing was held on the violation and modification petitions, at the conclusion of which the Hearing Examiner granted the violation petition, finding that respondent had willfully failed to comply with the December 1996 support order. Additionally, the Hearing Examiner dismissed respondent's modification petition due to, *inter alia*, counsel's unwillingness to proceed. By order entered September 11, 1997, Family Court dismissed respondent's objections to the Hearing Examiner's decision and, based upon respondent's willful violation of the prior order of support, sentenced respondent to 30 days in jail.[1] These appeals by respondent ensued.

We affirm. Initially, we reject respondent's contention that the Hearing Examiner erred in imputing income to him in the amount of $40,818.70 per year ($850 per week in gross earnings). In this regard, we note that both Family Court Act § 413 (1) (a) and Domestic Relations Law § 32 (3) impose a support obligation upon parents who are "possessed of sufficient means or able to earn such means". Thus, as this Court repeatedly has held, "a parent's child support obligation is not necessarily determined by his or her existing financial situation but, rather, by his or her ability to provide support" (*Matter of Lutsic v Lutsic*, 245 AD2d 637, 638; *see, Matter of Collins v Collins*, 241 AD2d 725, 727, *appeal dismissed, lv denied* 91 NY2d 829). To that end, a Hearing Examiner or court is not

---

1. Respondent was granted a stay pending appeal by a Justice of this Court.

bound by a parent's own account of his or her financial situation and may impute income to a parent based upon prior work experience and/or educational background (*see, Matter of Bosshold v Bryant-Bosshold*, 243 AD2d 857, 858; *Matter of Collins v Collins, supra*, at 727).

Although admittedly possessed of little formal education, respondent testified that he had 32 years of experience as a automotive mechanic and, at the time of the hearing, owned a one-half interest in an automotive repair shop. Respondent further testified that prior to starting his own business, he worked for 18 years at a local car dealership, during which time his gross weekly earnings ranged from $800 to $1,200 and averaged between $800 and $900. In view of respondent's extensive experience as a mechanic, and taking into consideration his testimony as to his prior earnings, we cannot say that the Hearing Examiner's findings in this regard are unsupported by the record evidence. Accordingly, Family Court's May 29, 1997 order is affirmed.

Turning to respondent's appeal from Family Court's September 11, 1997 order, we agree with Family Court that the record as a whole supports the finding that respondent willfully failed to obey a lawful order of support.[2] Although a finding of a willful violation "requires proof of both the ability to pay support and the failure to do so" (*Matter of Powers v Powers*, 86 NY2d 63, 68), proof of a respondent's failure to pay support as ordered, standing alone, is sufficient to establish a petitioner's direct case of a willful violation (*see*, Family Ct Act § 454 [3] [a]; *Matter of Tarbell v Tarbell*, 241 AD2d 702, 702-703), thereby shifting the burden to the respondent to "offer some competent, credible evidence of his [or her] inability to make the required payments" (*Matter of Powers v Powers, supra*, at 69-70; *see, Matter of Shaver v Shaver*, 232 AD2d 813, *lv denied* 89 NY2d 808). Respondent failed to meet that burden here and, accordingly, we find no basis upon which to disturb Family Court's order in this regard.

The remaining arguments raised by respondent do not warrant extended discussion. Although respondent argues that the

2. Preliminarily, respondent's claim that Family Court failed to acquire personal jurisdiction over him for purposes of the violation petition has been waived or is otherwise not preserved for our review. Although it is not entirely clear from respondent's brief whether he is contending that he never was served with the violation petition or, rather, that he merely is alleging defective service in that he was not personally served, respondent failed to raise defective service in either his answer (*see*, CPLR 3211 [a] [8]; [e]) or his objections to the Hearing Examiner's decision (*see*, Family Ct Act § 439 [e]) and, hence, this issue is not properly before us.

Hearing Examiner erred in dismissing his petition for a downward modification of his child support obligation without first conducting a hearing on the issue of "changed circumstances", we note that respondent failed to advance this particular argument in the objections that he filed with Family Court and, hence, this issue is not preserved for our review. Moreover, were this issue properly before us, we would find that respondent failed to raise a genuine issue of fact in this regard and, hence, no hearing was warranted (*see, Beck v Beck*, 236 AD2d 703, 704). Respondent's remaining contentions, including his assertion that the Hearing Examiner erred in failing to appoint assigned counsel to represent him at the hearing held on the violation petition and in failing to recuse herself, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.