In the Matter of CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ROBERTA DUHAIME, Respondent, v JOHN A. HULBERT, Appellant. [711 NYS2d 341] —Crew III, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 7, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia*, direct respondent to pay child support.

Respondent and Roberta Duhaime (hereinafter the mother) are the parents of a minor child born in 1997. In December 1998 petitioner, on behalf of the mother, commenced this proceeding seeking, *inter alia*, child support and various birth-related expenses. The matter proceeded to a hearing in July 1999, at which respondent and the mother testified and documentary evidence was received. The Hearing Examiner thereafter awarded child support in the amount of $58 per week, together with child care expenses in the amount of $20 per week. The Hearing Examiner further determined that the birth costs incurred and paid by the Medicaid program, as well as the cost of genetic marker testing, were chargeable to re-

spondent. Respondent's subsequent objections to the Hearing Examiner's findings were denied by Family Court, prompting this appeal.

Respondent, as so limited by his brief, contends that the Hearing Examiner and Family Court erred in imputing income to him in the amount of $338.80 per week* and, further, in disregarding allegedly perjurious statements made by the mother during the course of the hearing. Our review of the record reveals that respondent's arguments are completely lacking in merit and, therefore, Family Court's order is affirmed.

As to the issue of imputed income, it is well settled that "a Hearing Examiner or court is not bound by a parent's own account of his or her financial situation and may impute income to a parent based upon prior work experience and/or educational background" (*Matter of Ciampi v Sgueglia*, 252 AD2d 755, 756-757). In this regard respondent, a self-employed carpenter, testified that he previously earned $25 per hour when he was affiliated with a union and, as of the time of the hearing, valued his time at $15 per hour. Given such testimony, we certainly cannot say that the Hearing Examiner erred in concluding that respondent was capable of earning $10 per hour in his chosen profession. Respondent's remaining contention—that the mother "misstated certain things to the court regarding certain assets"—is vague, conclusory and entirely unsupported by the record.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

---

* This figure was based upon the Hearing Examiner's finding that respondent was able to earn $10 per hour and work 40 hours per week, with a self-employment deduction of $61.20.