THIRD DEPARTMENT, OCTOBER, 2007

(October 4, 2007)

■ In the Matter of JOHNA M. SMITH, Appellant-Respondent, v RUSSELL E. SMITH, Respondent-Appellant. [842 NYS2d 617]—

Mercure, J.P. Cross appeals from two orders of the Family Court of Otsego County (Stiles, Support Mag.; Burns, J.), entered June 21, 2006 and July 31, 2006, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support and spousal maintenance.

The parties are married and the parents of three children (born in 1985, 1988 and 1989). They separated in 1999 and executed a written separation agreement in 2003. The agreement provided, among other things, that respondent would provide petitioner $100 per week in spousal maintenance and $250 per week in child support. In January 2006, petitioner commenced this proceeding seeking an upward modification of maintenance and child support. Respondent counterclaimed, seeking a reduction of his obligations under the parties' agreement and an order requiring petitioner to apply for certain Medicare health coverage benefits. A fact-finding hearing was held and, as relevant here, a Support Magistrate dismissed that portion of petitioner's application seeking additional spousal maintenance for lack of jurisdiction and denied respondent's request for a downward modification of his obligations. Petitioner filed objections and respondent, in rebuttal, asserted that the "[o]rder of [the] Support Magistrate . . . should not be disturbed and the order should be sustained." Family Court affirmed the Support Magistrate's order in its entirety, and the parties now cross-

appeal from both the Support Magistrate's order and the subsequent order of Family Court.

We affirm. With respect to petitioner's arguments, we note that, on its face, the parties' agreement is an attempt to permit petitioner to "seek[ ] additional maintenance [by] . . . filing in a court of appropriate jurisdiction *for a modification of the present provisions concerning the payment of maintenance*" (emphasis added). Consistent with the agreement and contrary to petitioner's characterization of the petition as seeking a "de novo" determination of spousal maintenance, the petition expressly states that it is "an application to the [Family] Court for an *upward modification* of spousal support" (emphasis added), premised on the loss of certain Social Security benefits. It is well settled, however, that "Family Court is a court of limited jurisdiction which lacks the power to modify the terms of a separation agreement, as opposed to the terms of a divorce decree, and that this power cannot be conferred upon that court by agreement of the parties" (*Kleila v Kleila*, 50 NY2d 277, 282 [1980]; *see Matter of Brescia v Fitts*, 56 NY2d 132, 139 [1982]; *cf. Standley v Standley*, 83 AD2d 863, 864 [1981] [addressing the parties' ability to seek modification in Supreme Court]). Moreover, there is no claim that any of the exceptions to this rule—i.e., that petitioner was likely to become a public charge, that the agreement was facially invalid or that respondent breached the agreement (*see* Family Ct Act § 463; *Matter of Innis v Innis*, 159 AD2d 307, 307-308 [1990]; *Krochalis v Krochalis*, 53 AD2d 1010, 1010-1011 [1976])—are present here.

In our view, the provision of the parties' agreement directing that Family Court treat any applications by petitioner as "de novo" is not sufficient to alter the substance of the agreement, which is an improper attempt to confer subject matter jurisdiction upon Family Court. To the extent that *Matter of Spilman-Toll v Toll* (209 AD2d 1015, 1016 [4th Dept 1994]) held that Family Court is a court of "competent jurisdiction" to modify a support agreement merely because the parties to the agreement have deemed it so, we decline to follow that case on the ground that it is inconsistent with the public policy as articulated by the Court of Appeals in *Kleila v Kleila* (50 NY2d at 282).

Finally, inasmuch as he failed to object to the Support Magistrate's order before Family Court, respondent's arguments are not properly before us (*see Matter of Musarra v Musarra*, 28 AD3d 668, 668-669 [2006]; *Matter of Barker v Dorman*, 292 AD2d 806, 806 [2002]; *Matter of Ciampi v Sgueglia*, 252 AD2d 755, 757-758 [1998]).

Spain and Lahtinen, JJ., concur.

Peters, J. (concurring in part and dissenting in part). We disagree with the majority's conclusion that under the circumstances here presented, Family Court lacked jurisdiction to determine the issue of spousal maintenance.

The 2003 separation agreement acknowledged that petitioner is completely disabled, on a variety of medications and has Social Security disability benefits as her sole source of income. Recognizing petitioner's need for maintenance for the duration of her life, the parties negotiated a weekly payment of $100 as a reduced amount of spousal maintenance to meet petitioner's present needs. The agreement specifically provided that "while this agreement will resolve these issues for the present time, [petitioner] shall not be foreclosed from seeking additional maintenance [by] . . . the filing in a court of appropriate jurisdiction for a modification of the present provisions concerning the payment of maintenance [and that] [a]ny application by [petitioner] shall be treated as a 'de novo' application to the court." Further negotiating and preserving the right to petition Family Court for an order of child support in accordance with the Child Support Standards Act, petitioner agreed to accept $250 a week in support for the children. Despite their lengthy separation, the parties remain married.

Pursuant to Family Ct Act § 463, a separation agreement will typically preclude Family Court from exercising jurisdiction on the issue of spousal maintenance where, as here, petitioner was not likely to become in need of public assistance or care. As the majority notes, there are exceptions to this rule which are not relevant here. Yet, it is beyond cavil that Family Court has "exclusive original jurisdiction over proceedings for support or maintenance" (Family Ct Act § 411; *see also* Family Ct Act § 412). The parties' separation agreement acknowledged petitioner's need for lifetime maintenance and the parties' ability, at that time, to decide that issue on a temporary basis. For that reason, petitioner accepted a reduced amount of spousal support and clearly articulated a reservation of her right to make an original application for such relief in a court of competent jurisdiction (*compare Matter of Innis v Innis*, 159 AD2d 307, 307-308 [1990]). This explicit reservation of her right to commence a proceeding "de novo," a right fully acknowledged by respondent at the time of his execution of their agreement (*see Standley v Standley*, 83 AD2d 863, 864 [1981]), presented, in our view, an opportunity for Family Court to exercise jurisdiction to decide the issue of spousal maintenance de novo.

As to the majority's conclusion that respondent's failure to object to the Support Magistrate's order precludes our review of

the substantive issues raised here, we agree. Thus, we would modify the order of Family Court by reversing that portion which dismissed petitioner's application for spousal maintenance and remit that issue to Family Court for further proceedings.

Rose, J., concurs. Ordered that the orders are affirmed, without costs.