In two related child support proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Lynaugh, S.M.), dated December 20, 2011, which, after a hearing, dismissed his petition dated July 6, 2011, for a downward modification of his child support obligation, vacated a temporary order of support dated September 14, 2011, nunc pro tunc, and reinstated the child support provisions of a prior order of the same court (Boggio, Ct. Atty. Ref.), dated September 17, 2007, and (2) an order of the same court (Genchi, J.), dated June 26, 2012, which denied his objections to an order of the same court (Lynaugh, S.M.), dated May 10, 2012, which dismissed his petition dated February 14, 2012, for a downward modification of his child support obligation.
Ordered that the appeal from the order dated December 20, 2011, is dismissed; and it is further,
Ordered that the order dated June 26, 2012, is reversed, on the law, the father’s objections to the order dated May 10, 2012, are granted, the order dated May 10, 2012, is vacated, the father’s petition dated February 14, 2012, is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a hearing on the father’s petition dated February 14, 2012, and a new determination thereafter; and it is further,
Ordered that one bill of costs is awarded to the father.
The father’s contentions with respect to the order dated December 20, 2011, are not properly before this Court, as he failed to file objections to that order in the prior proceeding (see Family Ct Act § 439 [e]; Matter of Smith v Smith, 44 AD3d 1081, 1082 [2007], affd 10 NY3d 364 [2008]; Matter of Musarra v Musarra, 28 AD3d 668, 668-669 [2006]; Matter of Fenical v Fenical, 26 AD3d 436, 437 [2006]). Accordingly, we dismiss the father’s appeal from that order (see Family Ct Act § 439 [e]; Matter of Smith v Smith, 44 AD3d at 1082; Matter of Musarra v Musarra, 28 AD3d at 668-669; Matter of Fenical v Fenical, 26 AD3d at 437; Matter of Ciampi v Sgueglia, 252 AD2d 755, 757 n 2 [1998]).
However, under the circumstances of this case, the father should have been given the opportunity to substantiate the allegations contained in his petition dated February 14, 2012, and *663 the Family Court should have granted the father’s objections to the Support Magistrate’s order dated May 10, 2012 (see generally Matter of Nuesi v Gago, 68 AD3d 1122 [2009]; Matter of Daniels v Spector, 53 AD3d 484 [2008]; cf. Matter of Perna v Perna, 12 AD3d 448 [2004]). Accordingly, the order dated May 10, 2012, must be vacated, the father’s petition dated February 14, 2012, must be reinstated, and the matter must be remitted to the Family Court, Suffolk County, for a hearing on the father’s petition dated February 14, 2012, and a new determination thereafter. Eng, P.J., Balkin, Leventhal and Miller, JJ., concur.